**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert L. JACKSON,**
**Defendant-Appellant.**

**No. 78–5043.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 3, 1978.

Decided Dec. 5, 1978.

Robert M. Murphy, Lancaster, Ky. (Court-appointed—CJA), Robert L. Jackson, Butner, N. C., for defendant-appellant.

Patrick H. Molloy, U. S. Atty., Joseph L. Famularo, Asst. U. S. Atty., Robert F. Houlihan, Jr., Lexington, Ky., for plaintiff-appellee.

Before WEICK, ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

Appellant Jackson was convicted by a jury of one count of willfully assaulting federal officers while engaged in the performance of their official duties at the Federal Correctional Institution at Ashland, Kentucky, in violation of 18 U.S.C. § 111. He received a sentence of three years imprisonment, to be served concurrently with a sentence he had received for an unrelated offense.

At the trial Jackson, who was an inmate at the Institution, sought to establish temporary insanity as a complete defense to the charge. He called two expert witnesses, who gave conflicting opinions, and several lay witnesses, including the prison chaplain, as well as several fellow inmates. Two of the lay witnesses gave opinions on defendant's sanity.

On appeal Jackson contends, *inter alia,* that the District Court committed plain error when it instructed the jury on the burden of proof to establish his temporary insanity defense. The instructions read as follows:

> There is an affirmative defense in this case, that is there is a defense which has been raised by the Defendant. *And he does assume a burden of proof on this defense. Although he is not required by law to do anything in the case, he may. And in this case he has elected to interject an affirmative defense of temporary insanity.* [Emphasis ours.] [A. 13]

.    .    .    .    .

> As a matter of law, every defendant is presumed sane until the jury is persuaded by evidence that there is a reasonable doubt as to the Defendant's sanity. If you are persuaded that there is no reasonable doubt as to the degree of mental illness defect or disease allegedly suffered by the Defendant on March 7th, 1977 in terms that whatever it was it did not affect his ability to know right from wrong and it did not keep him from obeying the rules of the prison, conforming his conduct to the requirements of the law, then you may dismiss the issue of temporary insanity. *If you believe, however, that that evidence does raise in your mind a reasonable doubt as to sanity, then the burden switches over to the United States* and then it becomes the burden of the United States to prove to you that the Defendant in fact was sane within the definition of the law, that is, he knew right from wrong and he did have the power to conform his conduct to the requirements of the law; and the Government is required to prove that to your satisfaction beyond a reasonable doubt. [Emphasis ours.] [A. 14–15]

Jackson made no objection to these instructions. We are of the opinion, however, that the giving of these instructions constituted plain error.

■ Because the defense of temporary insanity negates criminal intent, which is an essential element of the crime, the burden of proof is necessarily on the prosecution. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Either party may raise the issue of insanity. The decision as to whether the issue has been sufficiently shown to warrant its submission to the jury is for the District Court to determine. Wherever there is evidence, whether offered by the Government or by defendant, to constitute a prima facie case of temporary insanity, the prosecution must prove, beyond a reasonable doubt, that defendant was sane at the time that he committed the acts in question. *See, e. g., United States v. Burks,* 547 F.2d 968 (6th Cir. 1976), *rev'd on other grounds,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Hamilton v. United States,* 475 F.2d 512, 515 (6th Cir. 1973); *United States v. Hite,* 461 F.2d 646 (6th Cir. 1972); *United States v. Smith,* 437 F.2d 538 (6th Cir. 1970); *United States v. Smith,* 404 F.2d 720, 728 (6th Cir. 1968); Devitt and Blackmar, *Federal Jury Practice and Instructions,* Vol. 1 § 14.17 Insanity and Mental Illness.

■ As before indicated, the District Court instructed the jury: "If you believe, however, that the evidence does raise in your mind a reasonable doubt as to sanity, then the burden switches over to the United States . . . ." This instruction effectively requested the jury to determine when insanity is in issue. This decision was for the District Court, not for the jury.

These instructions further effectively placed on the defendant the burden of proof on the insanity issue. The District Court instructed the jury that the evidence must raise a reasonable doubt as to sanity before the burden of proof shifted to the government. The instructions required the defendant to prove initially the insanity defense to the jury sufficient to raise a reasonable doubt, a burden he is not required to bear. *Davis v. United States,* 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895).

We find no merit in the other issues raised by the appellant.

The judgment of the District Court is reversed and this cause is remanded to the District Court for a new trial.