**Cameron KARST, Plaintiff and Appellant,**

v.

**Arthur VICKERS, Personal Representative of the Estate of Roger R. Vickers, deceased, Defendant and Appellee.**

**Constance KARST, Plaintiff and Appellant,**

v.

**Arthur VICKERS, Personal Representative of the Estate of Roger R. Vickers, deceased, Defendant and Appellee.**

**Justin KARST, Plaintiff and Appellant,**

v.

**Arthur VICKERS, Personal Representative of the Estate of Roger R. Vickers, deceased, Defendant and Appellee.**

Civ. Nos. 880351—Civ. 880353.

Supreme Court of North Dakota.

Aug. 28, 1989.

---

McIntee & Whisenand, P.C., Williston, for plaintiffs and appellants; argued by Frederick E. Whisenand, Jr.

Coles & Snyder, Bismarck, for defendant and appellee; argued by Robert J. Snyder.

ERICKSTAD, Chief Justice.

Cameron, Constance, and Justin Karst have appealed from three separate judgments awarding each of them damages against the estate of Roger R. Vickers for injuries incurred in an automobile accident. We reverse and remand for a new trial.

The accident occurred on the evening of July 3, 1981, in McKenzie County on Highway No. 200. Cameron was driving the Karst's family pickup with his mother, Constance, his brother, Justin, and another eleven-year-old relative riding as passengers with him in the front seat. Roger Vickers was driving a pickup on the same highway traveling in the opposite direction. The plaintiffs testified that, as they went over a hill, they observed Vickers' vehicle coming toward them on the wrong side of the highway with one wheel extending on the shoulder of the road. They testified that Cameron stepped on the brakes and turned toward the left in an attempt to avoid Vickers' vehicle, but that Vickers suddenly steered across the roadway and collided with them, near the center of the highway, striking the right front corner of Karst's pickup.

Roger Vickers was killed in the accident, and a blood sample established that, at the time of the collision, he was operating his vehicle under the influence of alcohol with a blood alcohol concentration of .17 percent.

The Karsts filed separate damage actions against Roger Vickers' estate. The three cases were consolidated and tried before a six-person jury. Three separate special verdict forms were submitted to and returned by the jury. In Cameron's lawsuit the jury found Roger Vickers 50 percent negligent, Cameron Karst 45 percent negligent, and "Constance Karst & Design of roadway & Dusk" 5 percent negligent. The jury found that Cameron suffered damages of $5,200. In Constance's lawsuit the jury found Roger Vickers 50 percent negligent, Constance Karst 3 percent negligent and "Cameron Karst & Design of roadway & Dusk" 47 percent negligent. The jury found that Constance also incurred damages of $5,200. In Justin's lawsuit, the jury found Roger Vickers 50 percent negligent, Justin Karst 0 percent negligent and "Driver Cameron Karst, Constance Karst, Design of roadway & Dusk" 50 percent negligent. The jury found that Justin suffered damages of $1,875. The plaintiffs moved for a new trial on various grounds, but their motion was denied by the trial court. Judgments were entered upon the jury verdicts in all three cases, and the plaintiffs appealed.

The dispositive issue on appeal is whether the jury erred in attributing negligence to "dusk" and to the "design of roadway."

The trial court gave the following instructions to the jury on the law of negligence:

"Everyone owes a duty to refrain from injuring the person or property of another or infringing upon any of his rights.

Everyone is responsible not only for injury caused by his willful acts but also for injury to another person caused by the lack of ordinary care or skill in the management of his property or person, except so far as the injured person willfully or by lack of ordinary care, has brought the injury upon himself.

"The conduct of plaintiff and defendants involved in this lawsuit will be judged under the law of ordinary negligence.

" *'Ordinary negligence'* is the lack of ordinary care and diligence required by the circumstances.

\* \* \* \* \* \*

"Before a person can be held responsible for negligence, either as the basis of a plaintiff's claim or as the basis of a defendant's defense, the wrongful conduct must have been a proximate cause of the injury.

"An act or failure to act constituting negligence (including any combination or series thereof committed by one or more persons) is the proximate cause of an injury only if it aided from its beginning with natural and continual effectiveness, in producing the injury, and the injury would not have occurred without it."

There was no objection to these instructions, and they became the law of the case. The jury was clearly instructed that negligence is the breach of a duty of care by a person. By ascribing a percentage of negligence to inanimate objects, "dusk" and "design of roadway," the jury has demonstrated a total misapprehension of the law of negligence and proximate cause. An inanimate object can neither have nor breach a duty of care. The jury verdicts demonstrate the jurors' failure to understand that such things as "dusk" and the "design of roadway" are simply factors that are part of the overall circumstances which the jury may consider in deciding which persons, if any, acted negligently. *See Farmers Union Grain Terminal Ass'n v. Briese,* 192 N.W.2d 170 (N.D. 1971); *Kunze v. Stang,* 191 N.W.2d 526 (N.D.1971).

Rule 59(g), N.D.R.Civ.P., provides in relevant part:

"The verdict of a jury also may be vacated and a new trial granted ... when there has been such plain disregard by the jury of the instructions of the court ... as to satisfy the court that the verdict was rendered under a misapprehension of the instructions...."

In denying the motion for a new trial, the trial court stated that it did "not believe" that the jury failed to follow the court's instructions. The court concluded that "the errors alleged" are "harmless errors, if errors at all."

The trial court's decision to grant or deny a new trial will not be overturned on appeal unless the court has abused its discretion. *Kerzmann v. Rohweder,* 321 N.W.2d 84 (N.D.1982). A stronger showing is required to reverse the granting of a new trial than to reverse an order denying a motion for new trial. *Cook v. Stenslie,* 251 N.W.2d 393 (N.D.1977). We conclude that the jury's misapplication of the court's instructions tainted the entire verdict in this case, thereby justifying a new trial. We also conclude, therefore, that the trial court abused its discretion in denying the plaintiffs' motion for a new trial.

We deem it unnecessary to discuss or resolve other issues raised on appeal, because the foregoing issue is dispositive of this case and the other issues are not certain to arise in a new trial. *Evjen v. North Dakota Workers Compensation Bureau,* 429 N.W.2d 418 (N.D.1988). We reverse the judgments and remand for a new trial on the merits.

REVERSED AND REMANDED.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.