**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Richard Eugene McINTYRE, Jr., Defendant and Appellant.**

Cr. No. 910255.

Supreme Court of North Dakota.

June 26, 1992.

Bruce B. Haskell (argued), Asst. State's Atty., Bismarck, for plaintiff and appellee.

Michael Ray Hoffman (argued), Bismarck, for defendant and appellant.

LEVINE, Justice.

Richard Eugene McIntyre, Jr., appeals from a criminal conviction of simple assault. We reverse and remand for a new trial.

Bismarck Police Officer, Kenan Kaizer, observed McIntyre drinking from a beer bottle when McIntyre got out of the driver's side of his vehicle after parking it at a local Mini Mart. Officer Kaizer immediately checked and determined that McIntyre's driver's license had been suspended. When McIntyre drove his vehicle from the Mini Mart, Officer Kaizer followed and then stopped the vehicle. Kaizer attempted to arrest McIntyre for driving with a suspended license, and a scuffle ensued. There was conflicting testimony about the exact circumstances of the altercation, but it is undisputed that McIntyre struck Officer Kaizer in the face.

McIntyre was subsequently charged with simple assault, a class C felony, for willfully injuring a peace officer. At his criminal trial, McIntyre raised the defenses of legal excuse and self defense. The jury returned a guilty verdict and McIntyre appealed from the judgment entered upon that verdict.

McIntyre asserts on appeal that the instructions on self defense and excuse erroneously misled the jury into believing that he had the burden of proving those defenses. We have underscored the language challenged by McIntyre in the instructions to the jury:

### "BURDEN OF PROOF

### "(SELF–DEFENSE)

"Evidence has been presented that the defendant acted in self-defense. *You must determine whether the defendant has presented sufficient evidence to give rise to a reasonable doubt as to whether he was entitled to defend himself. If you decide there is sufficient evidence to give rise to a reasonable doubt,* the State must prove beyond a reasonable doubt, as an element of the offense charged, that the defendant did not act in self-defense. If the State has failed to prove beyond a reasonable doubt that the defendant did not act in self-defense, the defendant is entitled to a verdict of not guilty."

### "BURDEN OF PROOF

### "(EXCUSE)

"Evidence has been presented that the defendant's conduct was excused. *You must determine if the defendant presented sufficient evidence to give rise to a reasonable doubt that he was*

entitled to defend himself if the facts had been as the defendant believed them to be. *If you so find*, the State must prove beyond a reasonable doubt, as an element of the offense charged, that the defendant's conduct was not excused. If the State has failed to prove beyond a reasonable doubt that the defendant's conduct was not excused, the defendant is entitled to a verdict of not guilty."

■ Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. *State v. Mounts*, 484 N.W.2d 843 (N.D.1992); *State v. Marinucci*, 321 N.W.2d 462 (N.D.1982). In determining whether a jury instruction is misleading, the instruction must be considered as a whole, and if, when so considered, the instruction correctly advises the jury as to the law, it is sufficient even if part of it standing alone may be insufficient. *City of Dickinson v. Gresz*, 450 N.W.2d 216 (N.D.1989). If a jury instruction, when read as a whole, is erroneous, relates to a central subject of the case, and affects the substantial rights of the accused, it is ground for reversal. *State v. Haugen*, 458 N.W.2d 288 (N.D.1990).

■ Under Section 12.1–01–03, N.D.C.C., the State must prove beyond a reasonable doubt each element of the charged offense, which includes proof of "the nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue." A defendant is entitled to a jury instruction on a legal defense if there is evidence to support it. *State v. Thiel*, 411 N.W.2d 66 (N.D. 1987). A defense is raised when there is evidence in the case "sufficient to raise a reasonable doubt on the issue," and it is error if the trial court refuses to instruct on an issue that has been adequately raised. *Id.*, at 67.

*United States v. Jackson*, 587 F.2d 852 (6th Cir.1978), is persuasive authority that the court, not the jury, has the responsibility to initially determine whether an issue has been adequately raised. Defendant Jackson was tried and convicted of willfully assaulting a federal officer. He raised the defense of insanity at his trial. The instruction included the following objectionable language:

"If you believe, however, that that evidence does raise in your mind a reasonable doubt as to sanity, then the burden switches over to the United States and then it becomes the burden of the United States to prove to you that the Defendant in fact was sane within the definition of the law...." 587 F.2d at 853.

The Sixth Circuit Court of Appeals explained why this language constituted plain and reversible error:

"This instruction effectively required the jury to determine when insanity is in issue. This decision was for the District Court, not for the jury.

\* \* \* \* \* \*

"The instructions required the defendant to prove initially the insanity defense to the jury sufficient to raise a reasonable doubt, a burden he is not required to bear." 587 F.2d at 854.

The jury instructions in this case contain the same infirmity as the erroneous instructions in *Jackson, supra*.

■ The instructions given by the court advised the jury that it had the responsibility to determine if McIntyre had presented sufficient evidence to give rise to a reasonable doubt on the issues of excuse and self defense. The instructions also, in effect, advised the jury that only if McIntyre met this burden, did the State then have a duty to negate the defenses by proof beyond a reasonable doubt. The instructions are erroneous, because the trial court, not the jury, had the responsibility to initially determine whether there was sufficient evidence to raise the issues of self defense and excuse. *Jackson, supra*, 587 F.2d at 852; *see also Thiel, supra; cf. State v. Zummach*, 467 N.W.2d 745 (N.D. 1991); *State v. Vogel*, 467 N.W.2d 86 (N.D. 1991). If the court concluded that there was sufficient evidence to create a reasonable doubt, then McIntyre was entitled to a jury instruction on those defenses without the objectionable language. By instructing

the jury that it had a responsibility to determine if the defendant had presented sufficient evidence to give rise to a reasonable doubt, the court may have confused and misled the jury into believing that McIntyre carried the burden of proving self defense and excuse by proof beyond a reasonable doubt. The instructions should have merely stated that there was evidence of self defense and excuse and that the State had a duty to negate those defenses by proof beyond a reasonable doubt.[1]

We conclude that the instructions on self defense and excuse did not, when read as a whole, correctly advise the jury about the law. These erroneous instructions are ground for reversal, because they relate to defenses central to the case and affect McIntyre's right to have the State carry the burden of proof to negate these defenses by proof beyond a reasonable doubt.

■ McIntyre also asserts on appeal that the trial court erred in refusing to allow cross-examination of Officer Kaizer about using excessive force in arresting another person, who has now filed a pending lawsuit against Kaizer for using excessive force. We address this issue, because it may arise upon retrial. McIntyre's attorney attempted to demonstrate that Kaizer had a character trait of using excessive force and that, in response to Kaizer's use of excessive force, McIntyre acted in self defense when he struck Kaizer. The State objected to cross-examination about the prior incident, asserting that there had been no decision about that case and that the allegation of excessive force was simply "floating around without anything else to back it up." The trial court agreed, referring to the incident as "claimed misconduct taken out of the blue" and "unfounded allegations which are not proved in court."

"Evidence of a pertinent trait of character of the victim of the crime offered by an accused" is admissible as an exception to the general rule that evidence of a person's character is not admissible. Rule 404(a)(2), N.D.R.Ev. The courts have generally interpreted this rule as allowing a defendant charged with assault or homicide, who has raised the issue of self defense, to introduce evidence of the victim's violent or aggressive character. *See, e.g., United States v. Greschner*, 647 F.2d 740 (7th Cir. 1981); *Carrick v. McFadden*, 216 Kan. 683, 533 P.2d 1249 (1975); *see also* Annotation, *Admissibility Of Evidence As To Other's Character Or Reputation For Turbulence On Question Of Self-Defense By One Charged With Assault Or Homicide*, 1 A.L.R.3d 571 (1965). The relevancy of this type of evidence is recognized in 1 *Jones on Evidence* § 4:40, at 462 (6th ed. 1972):

"In a civil action for assault and battery evidence of reputation and character of the parties for peace and quiet is competent, not to establish guilt or innocence, but to resolve the question as to which was the aggressor where that is disputed and defendant pleads self defense.

"The rule is the same in criminal actions. The reputation or character of the victim in the assault case or the deceased in the homicide case is not directly in issue and consequently evidence thereof is not relevant except that on the question of self defense, or who was the aggressor, such evidence has circumstantial value and will be received."

In *State v. Lende*, 190 N.W.2d 52 (N.D. 1971), this court held that a defendant charged with assault can introduce evidence of the "turbulent and quarrelsome character" of the victim, if the defendant first introduces foundation evidence to show that he acted in self defense. There was evidence in this case that McIntyre acted in self defense; the trial court in-

---

1. McIntyre's requested instructions on these defenses were based upon the North Dakota Pattern Jury Instruction, NDJI–Criminal 2030 on Defense–Burden of Proof, which does not include the objectionable language:
   "Evidence has been presented that the defendant [set out the defense]. The state must prove beyond a reasonable doubt, as an additional element of the offense charged, that the defendant was not [set out the defense]. The defendant does not have the burden of proof as to this defense. If the state has failed to prove beyond a reasonable doubt that the defendant did not [set out defense], the defendant is entitled to a verdict of not guilty."

structed the jury that there was such evidence. Consequently, evidence about Kaizer's character or propensity to use excessive force was admissible.

In *State v. Jensen*, 282 N.W.2d 55 (N.D. 1979), we stated that prior to introducing evidence of the victim's character or reputation for turbulence, a prior showing is "sometimes" required that the victim's turbulent character was known to the defendant. Citing this case, the State argues that evidence of Kaizer's propensity or character for using excessive force was properly excluded by the trial court, because there was no prior showing that McIntyre knew about it before the altercation occurred. We disagree that this evidence was inadmissible for that reason.

█ Whether a prior showing of the defendant's knowledge of the victim's character is required depends upon the purpose for which the character evidence is being admitted. The rule is summarized, with supporting authorities, in Annotation, *Admissibility Of Evidence As To Other's Character Or Reputation For Turbulence On Question Of Self–Defense By One Charged With Assault Or Homicide*, 1 A.L.R.3d 571, 596 & 601 (1965):

"It appears to be well established that before evidence of the reputation of the deceased or the party assaulted for turbulence or violence is admissible for the accused on (sic) a trial for homicide or assault, for the purpose of proving that he had reason to, and did, apprehend death or serious bodily injury, and therefore was justified on the ground of self-defense in acting as he did, it must appear that at the time of the homicide or assault, he had knowledge of such reputation, because otherwise his conduct could not have been influenced thereby.

\* \* \* \* \* \*

"However, ... it has generally been held that evidence of the turbulent character of the deceased or party assaulted is admissible on a trial for homicide or for assault, as tending to corroborate testimony for the accused as to the circumstances of the conflict, whether the ac-

cused had knowledge of such character or not."

So, there is no requirement that an accused have knowledge of the victim's turbulent character when the purpose of the evidence is to corroborate testimony about the circumstances of the encounter, rather than to show that the accused apprehended harm and for that reason acted in self defense. But, the court must be informed of the purpose.

The treatise 1 *Jones on Evidence* § 4:40, at 463 (6th ed. 1972), also recognizes that the defendant's knowledge of the victim's character is not necessarily a prerequisite for admitting character evidence:

"It is not essential that the character proclivities be known to the defendant prior to the alleged assault, though the fact of knowledge, or the lack of it may be a relevant circumstance. It is what the other person did rather than what the defendant though[t] he was going to do which is of primary importance."

This rule was succinctly stated and applied by the Illinois Supreme Court in *People v. Lynch*, 104 Ill.2d 194, 83 Ill.Dec. 598, 600, 470 N.E.2d 1018, 1020 (1984):

"We hold that when the theory of self-defense is raised, the victim's aggressive and violent character is relevant to show who was the aggressor, and the defendant may show it by appropriate evidence, regardless of when he learned of it."

*See also Carrick v. McFadden*, 216 Kan. 683, 533 P.2d 1249 (1975).

The circumstances of the altercation between Kaizer and McIntyre were in dispute. So, evidence of Kaizer's character for using excessive force was admissible, irrespective of McIntyre's prior knowledge about it, as circumstantial evidence that Kaizer was the aggressor and that McIntyre acted only in self defense.

█ In addition to advancing a proper purpose for introducing evidence under the rules, the proponent must also demonstrate both the relevance and probative value of the evidence. *State v. Micko*, 393 N.W.2d 741 (N.D.1986). The State argues that this character evidence was inadmissible be-

cause its probative value was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. We agree with the Illinois Supreme Court's response to a similar argument in *Lynch, supra,* 83 Ill.Dec. at 601, 470 N.E.2d at 1021:

> "Where the victim's propensity for violence is in question, however, the danger of prejudice to the defendant lies in refusing to admit such evidence, while its high degree of relevance and reliability remains constant."

The trial court made no finding that the probative value of this character evidence was outweighed by the danger of its prejudicial effect. However, in excluding this evidence, the court focused on the fact that the allegations about the prior arrest incident had not yet been proved in the pending civil action. Evidence about the prior arrest is relevant in this case on the question of Kaizer's character trait for using excessive force. This evidence does not become irrelevant simply because the allegations of Kaizer's use of excessive force are in dispute and unresolved in a pending civil action. The fact that the proffered evidence of Kaizer's prior use of excessive force is disputed goes to the weight of that evidence, not its admissibility. *See Meyer v. Hansen,* 373 N.W.2d 392 (N.D.1985).

■ McIntyre's attorney attempted to introduce this character evidence during his cross-examination of Kaizer. Rule 405(a), N.D.R.Ev., provides the methods of proving admissible character evidence:

> "*(a) Reputation or Opinion.* In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct."

The second sentence of this rule allows inquiry into specific instances of conduct during cross-examination, but it must be read in conjunction with the first sentence which allows proof of character only through reputation or opinion testimony. *Klaes v. Scholl,* 375 N.W.2d 671 (Iowa 1985). A witness, who on direct examination has given reputation or opinion testimony about the character of a person, can be asked about specific instances of conduct while being cross-examined. However, inquiry of specific instances cannot be made during cross-examination unless the subject has been raised on direct examination through opinion or reputation testimony. *Klaes v. Scholl, supra;* Fed.Rules Evid.Rule 405, 28 U.S.C.A., Advisory Committee Notes.[2] The rule, by allowing cross-examination about specific instances only after character has been raised on direct, comports with the general rule that the scope of cross-examination is limited to the subject matter of the direct examination (and matters affecting credibility of the witness). Rule 611(b), N.D.R.Ev.; *State v. Buckley,* 325 N.W.2d 169 (N.D.1982).

Upon retrial of this case, evidence of Officer Kaizer's character for using excessive force is admissible as circumstantial

2. The Advisory Committee notes to Rule 405 of the Federal Rules of Evidence discuss the limited use of specific instances of conduct in proving character:

> "Of the three methods of proving character provided by the rule, evidence of specific instances of conduct is the most convincing. At the same time it possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time. Consequently the rule confines the use of evidence of this kind to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry. When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion. These latter methods are also available when character is in issue. This treat-

ment is, with respect to specific instances of conduct and reputation, conventional contemporary common law doctrine.

\* \* \* \* \* \*

> "The express allowance of inquiry into specific instances of conduct on cross-examination in subdivision (a) and the express allowance of it as part of a case in chief when character is actually in issue in subdivision (b) contemplate that testimony of specific instances is not generally permissible on the direct examination of an ordinary opinion witness to character.... Opinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.,* be confined to the nature and extent of observation and acquaintance upon which the opinion is based."

evidence that Kaizer was the aggressor and that McIntyre acted in self defense. However, the method of introducing this evidence must comport with Rule 405(a), N.D.R.Ev., as discussed.

The judgment of the district court is reversed, and the case is remanded for a new trial.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and LAWRENCE A. LECLERC, District Judge, concur.

VANDE WALLE, J., concurred in result.

LAWRENCE A. LECLERC, District Judge, sitting as a member of the Court to fill the vacancy created by the resignation of Justice H.F. GIERKE III. Justice JOHNSON, not being a member of this Court at the time this case was heard, did not participate in this decision.