1997 ND 153

STATE of North Dakota, Plaintiff and Appellee,

v.

William Scott GAGNON, III, Defendant and Appellant.

Criminal No. 960170.

Supreme Court of North Dakota.

Aug. 11, 1997.

Mark Ashley Flagstad (argued), Assistant State's Attorney, Minot, for plaintiff and appellee.

Gary Harold Lee (argued), Minot, for defendant and appellant. Appearance by Scott Miller.

MARING, Justice.

[¶ 1] William Gagnon III appealed from a verdict and judgment of conviction for the offense of murder. We reverse and remand for a new trial.

[¶ 2] Leaving Friday's, a Minot bar, at about 1:00 a.m. on March 29, 1996, Gagnon and Phillip McIalwain were walking backwards across the parking lot. Kevin Gieser and Wayne Gieser exchanged words with

Gagnon and McIalwain. An altercation developed, which ended when Gagnon fatally stabbed Kevin Gieser in the chest with a knife.

[¶ 3] Gagnon was charged with class AA murder. After a jury trial, Gagnon was convicted of class AA murder and sentenced to life in prison. On appeal, Gagnon contends that errors in instructing the jury, errors in evidentiary rulings, and insufficiency of the evidence to support his conviction warrant a new trial.

[¶ 4] The trial court instructed the jury on class AA murder[1] and manslaughter.[2] The trial court refused Gagnon's request for an instruction on negligent homicide.[3] An instruction on class A murder[4] was neither requested nor given. Gagnon contends the trial court's failure to instruct on class A murder was obvious error warranting a new trial. Generally, a trial court's failure to give an instruction on a lesser included offense is not error if there was no request for such an instruction. *State v. Frey,* 441 N.W.2d 668, 670 (N.D. 1989). "Although we generally cannot consider an alleged error raised for the first time on appeal, we can notice an error in jury instructions under Rule 52(b), N.D.R.Crim.P., if the alleged error infringes upon substantial rights of the defendant." *Id.* "The power to notice obvious error is exercised cautiously and only in exceptional circumstances where the defendant has suffered a serious injustice." *State v. Kraft,*

413 N.W.2d 303, 307 (N.D.1987). Because of our disposition of other issues, we need not determine if there was obvious error in this regard.

[¶ 5] Gagnon contends the trial court erred in failing to instruct the jury on negligent homicide.

[¶ 6] When Gagnon's attorney requested an instruction on negligent homicide, the prosecuting attorney objected:

> I guess I'd be opposed to it, Your Honor, because of the asserted defense here of self-defense. If you're acting in self-defense, you're ruling out negligence because you're doing what you have to do. You can't be negligent in doing what you're doing.

The court said, "I tend to agree with the State that it's pretty hard to be negligent in self-defense," and denied the request. As this court has explained, the negligence involved in a negligent homicide instruction in a self-defense case is a negligently-held belief in the necessity of using force in self-defense:

> If, therefore, a person has an actual and reasonable belief that force is necessary to protect himself against danger of imminent unlawful harm, his conduct is justified or excused. If, on the other hand, a person's actual belief in the necessity of using force to prevent imminent unlawful harm is unreasonable, his conduct will not be justified or excused. Instead, he will be guilty of an offense for which negligence or reck-

---

1. N.D.C.C. 12.1–16–01 provides, in part:
   1. A person is guilty of murder, a class AA felony, if the person:
      a. Intentionally or knowingly causes the death of another human being;
      b. Causes the death of another human being under circumstances manifesting extreme indifference to the value of human life; ...

2. N.D.C.C. 12.1–16–02 provides: "A person is guilty of manslaughter, a class B felony, if he recklessly causes the death of another human being."

3. N.D.C.C. 12.1–16–03 provides: "A person is guilty of a class C felony if he negligently causes the death of another human being."

4. N.D.C.C. 12.1–16–01(2) provides:

2. A person is guilty of murder, a class A felony, if the person causes the death of another human being under circumstances which would be class AA felony murder, except that the person causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. The reasonableness of the excuse must be determined from the viewpoint of a person in that person's situation under the circumstances as that person believes them to be. An extreme emotional disturbance is excusable, within the meaning of this subsection only, if it is occasioned by substantial provocation, or a serious event, or situation for which the offender was not culpably responsible.

lessness suffices to establish culpability. For example, if a person recklessly believes that the use of force upon another person is necessary to protect himself against unlawful imminent serious bodily injury *and* the force he uses causes the death of the other person, he is guilty of manslaughter. And if a person's belief is negligent in the same regard, he is guilty of negligent homicide. (Citations omitted.)

*State v. Leidholm*, 334 N.W.2d 811, 816 (N.D. 1983).

■ [¶ 7] A negligent homicide instruction must be given when self-defense and manslaughter are issues in a murder case. *See, e.g., State v. Tweed*, 491 N.W.2d 412, 416 (N.D.1992) (when self-defense is urged, and a manslaughter instruction is supported by the facts and given to the jury, the court must also instruct on negligent homicide). The State conceded in its brief that "[w]henever the trial court does give both a self-defense instruction and a manslaughter instruction, it is required by statute to also give an instruction on negligent homicide," but argues that the error was harmless, contending there was insufficient evidence to warrant a self-defense instruction. Thus, to determine if the trial court erred in refusing Gagnon's request for an instruction on negligent homicide, we must determine if an instruction on self-defense was warranted.

[¶ 8] Although the prosecutor now argues that "instructing the jury on [self-defense] was an error made on the part of the court in favor of the defendant, thereby putting him in a better position than he was entitled to," that was not his position at trial. When Gagnon's attorney moved for judgment of acquittal for insufficient evidence, the prosecutor resisted:

> Your Honor, the State resists the motion. There is sufficient evidence for this to go to the jury to determine whether the Defendant is guilty or not guilty or if there is sufficient showing of self-defense to indicate that he's not guilty. That's basically the only issue in this case at this point anyway.

In discussing jury instructions, the prosecutor said, "[t]he jury in this case has to find beyond a reasonable doubt that he was not in lawful exercise of self-defense." The trial court determined that the evidence warranted an instruction on self-defense. "[T]he trial court, having had the opportunity to observe and assess the demeanor and credibility of the witnesses, is in a much better position to ascertain the true facts than an appellate court, which must rely on a cold record." *Buzick v. Buzick*, 542 N.W.2d 756, 758 (N.D.1996). "The trial court can better evaluate evidence because it observes the demeanor and credibility of the witnesses." *Fenske v. Fenske*, 542 N.W.2d 98, 102 (N.D. 1996).

■ [¶ 9] "A defendant is entitled to a jury instruction on a legal defense if there is evidence to support it." *State v. Mertz*, 514 N.W.2d 662, 669 (N.D.1994). *See also State v. McIntyre*, 488 N.W.2d 612, 614 (N.D.1992); *State v. Thiel*, 411 N.W.2d 66, 67 (N.D.1987). A defendant is entitled to have submitted to the jury all defenses for which there is any support in the evidence, whether consistent or inconsistent. *State v. Wiedrich*, 460 N.W.2d 680, 682 (N.D.1990); *State v. Hazlett*, 16 N.D. 426, 432, 113 N.W. 374, 376 (1907). "A defendant is entitled to a self-defense instruction if there is evidence in the case sufficient to raise a reasonable doubt on the issue." *Sampson v. State*, 506 N.W.2d 722, 727 (N.D.1993). "'[A] criminal defendant is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court.'" *United States v. Workman*, 80 F.3d 688, 702 (2d Cir.), *cert. denied*, — U.S. —, 117 S.Ct. 319, 136 L.Ed.2d 233 (1996), *and cert. denied*, — U.S. —, 117 S.Ct. 373, 136 L.Ed.2d 262 (1996), quoting *United States v. Dove*, 916 F.2d 41, 47 (2d Cir.1990). "[T]he evidence to support a theory of defense need not be overwhelming; a defendant is entitled to an instruction on a theory of defense even though the evidentiary basis for that theory is 'weak, inconsistent, or of doubtful credibility.'" *Closs v. Leapley*, 18 F.3d 574, 580 (8th

Cir.1994), quoting *United States v. Casperson,* 773 F.2d 216, 223 n. 12 (8th Cir.1985). In determining if the jury should have been instructed on a particular defense, we view the evidence in the light most favorable to the defendant. *City of Bismarck v. Nassif,* 449 N.W.2d 789, 796 (N.D.1989); *City of Mandan v. Willman,* 439 N.W.2d 92, 93 (N.D.1989); *Thiel,* 411 N.W.2d at 67.

■ [¶ 10] Viewed in the light most favorable to Gagnon, the record evidence is sufficient to warrant an instruction on self-defense. The factfinder could conclude from the evidence presented that Kevin and Wayne Gieser were the aggressors in instigating the altercation, while Gagnon and McIalwain were attempting to retreat, and that Gagnon believed his use of force was necessary to protect himself against danger of imminent unlawful bodily injury. Because Gagnon asserted he acted in self-defense, a self-defense instruction was supported by the evidence, and a manslaughter instruction was given and supported by the evidence, we conclude that the trial court erred in refusing to instruct the jury on negligent homicide.

■ [¶ 11] The trial court determined that a self-defense instruction was warranted by the evidence, and we have concluded that the evidence supported a self-defense instruction. The trial court gave the following instruction:

### SELF–DEFENSE

You are to assume the physical and psychological properties peculiar to the accused; place yourself as best you can in the shoes of the accused, and then decide whether or not the particular circumstances surrounding the accused at the time he used force were sufficient to create in his mind a sincere and reasonable belief that the use of force was necessary to protect himself from imminent and unlawful harm.

Gagnon contends that, under *State v. Leidholm,* 334 N.W.2d 811 (N.D.1983), "the instruction as given is an appropriate definition of the reasonableness of his beliefs,[5] albeit given under an incorrect heading," but "[t]he instructions leave out the critical statement: if the defendant committed the act in defense against the danger of imminent unlawful bodily injury by the other person, his conduct in committing the act was justified, and he should not be convicted. NDCC § 12.1–05–03." The State argues "the given instructions, as a whole, properly advised the jury on the law of self-defense."

[¶ 12] "Conduct which constitutes self-defense may be either justified [Section 12.1–05–03, N.D.C.C.] or excused [Section 12.1–05–08, N.D.C.C.]." *Leidholm,* 334 N.W.2d at 814. We have explained the difference:

In the context of self-defense, this means that a person who believes that the force he uses is necessary to prevent imminent unlawful harm is *justified* in using such force if his belief is a *correct* belief; that is to say, if his belief corresponds with what actually is the case. If, on the other hand, a person *reasonably* but incorrectly believes that the force he uses is necessary to protect himself against imminent harm, his use of force is *excused.*

*Id.* at 815. None of the trial court's instructions informed the jury, as they should have, that Gagnon's self-defense conduct may have been justified. In a new trial, the jury should be so instructed.

■ [¶ 13] We conclude there was sufficient evidence to warrant a self-defense instruction, which should have informed the jury that Gagnon's use of force in self-defense was justified if he correctly believed the force he used was necessary to prevent imminent unlawful bodily injury, and we conclude the trial court erred in refusing to instruct the jury on negligent homicide. We, therefore, reverse the verdict and judgment

5. "[T]he finder of fact must view the circumstances attending an accused's use of force from the standpoint of the accused to determine if they are sufficient to create in the accused's mind an honest and reasonable belief that the use of force is necessary to protect himself from imminent harm." *State v. Leidholm,* 334 N.W.2d 811, 817–18 (N.D.1983).

of conviction. We need not address other issues Gagnon has raised on appeal, as they are not certain to arise in a new trial. *See, e.g., Karst v. Vickers*, 444 N.W.2d 698, 700 (N.D.1989).

[¶ 14] The verdict and the judgment of conviction are reversed, and the matter is remanded for a new trial.

[¶ 15] VANDE WALLE, C.J., and NEUMANN SANDSTROM and MESCHKE, JJ., concur.

