1999 ND 239

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Rick SCHUMAIER, Defendant and Appellant.**

No. 990156.

Supreme Court of North Dakota.

Dec. 22, 1999.

Merle A. Torkelson, State's Attorney, Washburn, N.D., for plaintiff and appellee.

Thomas K. Schoppert of Schoppert Law Firm, Minot, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Rick Schumaier appeals from a jury verdict and order of the South Central Judicial District Court finding him guilty of disorderly conduct. We reverse the verdict and order, and remand for a new trial, concluding a self-defense instruction should have been given.

I

[¶ 2] Schumaier was tried before a jury on the charge of disorderly conduct. The charge stemmed from a fight between

John Behles, Clarence Ruhland, Will Ruhland, and, allegedly, Schumaier. The fight occurred after a wedding dance, outside the trailer home of Esther Ellison, Behles's grandmother. As a result of the altercation with Behles, Schumaier was charged with disorderly conduct in violation of N.D.C.C. § 12.1–31–01.

[¶ 3] Two versions of the fight were presented at trial—one portraying Schumaier as the aggressor, and one portraying him as a bystander, acting in self-defense. Schumaier and two other witnesses testified he did not kick or hit Behles. Several others testified Schumaier punched Behles in the face, head, arm, and chest, and also kicked Behles, grabbed him by the neck and held him while the Ruhlands hit him, and either threw Behles into Ellison's car or helped the Ruhlands throw Behles into her car.

[¶ 4] Schumaier testified Behles pushed him first, the two then got "ahold of each other," he told Behles to let go of him, and Behles pushed him toward the front bumper of a vehicle. Schumaier testified he hit his head on the bumper of the car. According to Schumaier, he then pushed Behles up against the trailer home. He denied punching or kicking Behles. Schumaier testified he was afraid when Behles attacked him because he had just been treated for seven displaced vertebrae in his neck. Schumaier claimed the Ruhlands were the ones who hit Behles.

[¶ 5] The testimony of two other witnesses supported Schumaier's version of events. Schumaier's wife testified she saw Behles shove her husband. She testified Schumaier did not hit or kick Behles. Another witness testified he saw Behles push Schumaier first, and he did not see Schumaier hit or kick Behles.

[¶ 6] Schumaier requested the jury be given a self-defense instruction. The district court denied the request, stating the crime of disorderly conduct is an offense against the public and, therefore, a self-defense instruction would be inappropriate.

[¶ 7] Schumaier was found guilty, and was ordered to serve twenty days in jail, with eighteen days suspended. He was also ordered to pay costs, a fine, and restitution to Behles and Ellison.

[¶ 8] Schumaier timely appealed under N.D.R.Crim.P. 37(b) and N.D.R.App.P. 4(b). The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06.

## II

[¶ 9] On appeal, Schumaier argues the district court erred in refusing to give his requested self-defense instruction to the jury. This Court reviews jury instructions as a whole, and determines "whether they correctly and adequately inform the jury of the applicable law, even though part of the instructions when standing alone may be insufficient or erroneous." *State v. Wilson*, 1999 ND 34, ¶ 11, 590 N.W.2d 202. When reviewing evidence for sufficiency of support of a jury instruction, this Court views the evidence in the light most favorable to the defendant. *State v. Gagnon*, 1997 ND 153, ¶ 9, 567 N.W.2d 807.

### A

[¶ 10] The State argues, and the district court ruled, a self-defense instruction cannot be given in a disorderly conduct case.

[¶ 11] Section 12.1–31–01, N.D.C.C., provides in part:

Disorderly conduct.

1. An individual is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior, the individual:

a. Engages in fighting, or in violent, tumultuous, or threatening behavior;

. . . .

[¶ 12] Section 12.1–05–03, N.D.C.C., provides:

Self-defense. *A person is justified in using force upon another person to defend himself against danger of imminent unlawful bodily injury, sexual assault, or detention by such other person, except that:*

1. A person is not justified in using force for the purpose of resisting arrest, execution of process, or other performance of duty by a public servant under color of law, but excessive force may be resisted.

2. A person is not justified in using force if:

   a. He intentionally provokes unlawful action by another person to cause bodily injury or death to such other person; or

   b. He has entered into a mutual combat with another person or is the initial aggressor unless he is resisting force which is clearly excessive in the circumstances. A person's use of defensive force after he withdraws from an encounter and indicates to the other person that he has done so is justified if the latter nevertheless continues or menaces unlawful action.

(Emphasis added). "Chapter 12.1–05 of the North Dakota Century Code 'is an almost complete adoption' of Chapter 6 of the Proposed Federal Criminal Code dealing with defenses of justification and excuse." *State v. Rasmussen,* 524 N.W.2d 843, 844 (N.D.1994) (quoting *State v. Fridley,* 335 N.W.2d 785, 788 (N.D.1983); *State v. Leidholm,* 334 N.W.2d 811, 814 (N.D. 1983)). "As an aid to interpreting the North Dakota statutes, therefore, it is helpful to examine the Comments of the drafters of the Proposed Federal Criminal Code." *Id.* The drafters note, "A justification is a circumstance which actually exists and which makes harmful conduct proper and noncriminal." National Commission on Reform of Federal Criminal Law, Final Report § 601 (1971); *see A Hornbook to the North Dakota Criminal Code,* 50 N.D. L.Rev. 639, 668 n. 174 (1974).

[¶ 13] Section 12.1–05–03, N.D.C.C., applies to conduct, and is not limited to specified offenses. Thus, if a person is justified in engaging in specific conduct that would otherwise constitute disorderly conduct, the justification is a defense. *See* N.D.C.C. § 12.1–05–03; 1 Wayne R. LaFave et. al., *Substantive Criminal Law,* § 5.7(a) (1986 & Supp.2000) (self-defense is a defense not only to crimes such as murder, and assault and battery, but is also a defense in appropriate cases to other charges as well, including unlawful restraint, intentional infliction of harm to another, threat of intentional infliction of harm to another, and felonious possession of a firearm); *State v. Donnis J.,* No. 98–0821, 1998 WL 407075, at *3–4 (Wis.Ct. App. July 22, 1998) ("[s]elf-defense may be invoked if a defendant believes use of force is necessary to protect himself or herself," but a defendant charged with disorderly conduct was not justified by self-defense because he did not make a reasonable effort to retreat); *State v. Olsen,* 99 Wis.2d 572, 299 N.W.2d 632, 636 (Wis.Ct.App. 1980) (defendant charged with disorderly conduct was not entitled to have jury consider his theory of defense, self-defense and defense of others, because defendant's disorderly conduct did not include the use of force).

[¶ 14] Several states have allowed other justification defenses to a disorderly conduct charge. In *State v. Hauenstein,* the court held the defendant, charged with disorderly conduct resulting from a physical altercation with his daughter, was entitled to assert the defense of parental discipline. 121 Ohio App.3d 511, 700 N.E.2d 378, 379–81 (1997). In *City of Chicago v. Mayer,* the defendant argued he was entitled to a jury instruction on the defense of necessity. 56 Ill.2d 366, 308 N.E.2d 601, 602 (1974). The defendant, a third-year medical student, had attempted to prevent police officers from moving an injured person without a stretcher. *Id.* at 603. The

defendant was charged with, and convicted of, disorderly conduct. *Id.* at 602–03. The Illinois Supreme Court held the defendant, because there was evidence to support his theory, was entitled to an instruction on the defense that his conduct was necessary to prevent greater injury to an injured person, or he reasonably believed that to be the case. *Id.* at 603–04.

[¶ 15] In this case, the district court erroneously ruled that because disorderly conduct is an offense against the public, a self-defense instruction is inappropriate. We hold self-defense may be asserted in appropriate cases by defendants charged with disorderly conduct.

### B

[¶ 16] "A defendant is entitled to a jury instruction on a legal defense if there is evidence to support it." *State v. McIntyre,* 488 N.W.2d 612, 614 (N.D.1992) (citation omitted). A defense is raised when there is evidence in the case "sufficient to raise a reasonable doubt on the issue," and a district court errs by refusing to instruct on an issue that has been adequately raised. *Id.* A defendant is entitled to such an instruction even if the evidentiary basis for the theory is "weak, inconsistent, or of doubtful credibility." *State v. Gagnon,* 1997 ND 153, ¶ 9, 567 N.W.2d 807 (citations omitted). "[I]f there is evidence to support a self-defense claim, the accused is entitled to an instruction on it, and the State must prove beyond a reasonable doubt the accused did not act in self-defense." *State v. Olander,* 1998 ND 50, ¶ 20, 575 N.W.2d 658.

[¶ 17] Schumaier's self-defense claim was adequately raised at trial. Some evidence contradicts the State's claim Schumaier was the initial aggressor, or that he engaged in mutual combat. In addition to his own testimony, two other witnesses testified Behles shoved Schumaier first. Schumaier and two witnesses testified he did not hit or kick Behles. Viewed in the light most favorable to Schumaier, the record evidence was sufficient to warrant an instruction on self-defense.

### III

[¶ 18] The order and verdict finding Schumaier guilty of disorderly conduct is reversed, and the case is remanded for a new trial.

[¶ 19] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.