FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 7, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 134

State of North Dakota,                                     Plaintiff and Appellee

v.

Aisha L. Piker,                                          Defendant and Appellant

### No. 20210344

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Joshua A. Amundson, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Justin J. Vinje, Bismarck, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Aisha L. Piker appeals from an amended criminal judgment ordering her to pay restitution. Piker argues the district court erred in determining the restitution amount. We affirm.

I

[¶2]   In February 2021, the State charged Piker with aggravated assault after allegedly stabbing her boyfriend in the hand. In June 2021, Piker entered into a plea agreement and pleaded guilty to a reduced charge of disorderly conduct. The plea agreement provided that Piker would pay restitution as determined at a later date. The district court accepted the plea agreement and entered judgment.

[¶3]   In September 2021, the State filed a motion to amend the judgment, seeking $24,627.95 in restitution. At the subsequent hearing Piker argued no restitution should be awarded because she acted in self-defense. The parties submitted post-hearing briefs regarding the application of self-defense to restitution awards. Piker argued self-defense rendered her actions "non-criminal" and "therefore not subject to restitution."

[¶4]   The district court declined to apply self-defense to excuse awarding restitution, finding self-defense applies to the determination of whether a defendant engaged in criminal conduct and does not apply after a defendant is convicted of criminal conduct. The court found the victim incurred medical expenses as a result of Piker's criminal conduct and ordered Piker to pay $24,627.95. The court amended the judgment accordingly.

II

[¶5]   This Court reviews a restitution order to determine whether the district court acted within statutory limits, which is similar to abuse of discretion. *State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable

manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* Questions of law are reviewed de novo. *Id.*

[¶6]   Piker argues the district court erred in finding self-defense does not apply to restitution determinations. She asserts the application of self-defense under N.D.C.C. § 12.1-05-03 justifies her actions and renders them "non-criminal" for purposes of the restitution statute.

[¶7]   Art. I, § 25(1)(n), N.D. Const., provides victims the right to "full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct."In ordering restitution, district courts "shall take into account the reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action." N.D.C.C. § 12.1-32-08(1).

[¶8]   Section 12.1-05-03, N.D.C.C., justifies use of force upon another person to defend against "danger of imminent unlawful bodily injury, sexual assault, or detention by such other person[.]" Self-defense applies to conduct, effectively making harmful conduct noncriminal. *State v. Schumaier*, 1999 ND 239, ¶¶ 12-13, 603 N.W.2d 882.

[¶9]   Self-defense is a "defense" as opposed to an "affirmative defense." *State v. Thiel*, 411 N.W.2d 66, 67 (N.D. 1987). "A 'defense' is raised when there is evidence in the case sufficient to raise a reasonable doubt on the issue." *Id.* (citing N.D.C.C. § 12.1-01-03(2)(b)). Under N.D.C.C. § 12.1-01-03(1), a person cannot be convicted of a crime "unless each element of the offense is proved beyond a reasonable doubt."

> "'Element of an offense' means:
>
>> a. The forbidden conduct;
>>
>> b. The attendant circumstances specified in the definition and grading of the offense;

c. The required culpability;

d. Any required result; and

e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue."

N.D.C.C. § 12.1-01-03(1). Thus, self-defense operates as a bar to conviction rather than to reduce or eliminate restitution.

[¶10] Here, Piker pleaded guilty to disorderly conduct and provided a factual basis admitting to engaging in "tumultuous behavior that created a seriously alarming condition that served no legitimate purpose." By her plea, Piker admitted her conduct was criminal. She had the opportunity to present evidence on self-defense and to attempt creating reasonable doubt she committed a crime. Instead, she pleaded guilty to the crime and waived all defenses. *State v. Magnuson*, 1997 ND 228, ¶ 10, 571 N.W.2d 642.

[¶11] At the restitution hearing, the victim testified Piker stabbed him in the hand with a knife. Piker also testified to stabbing the victim in the hand. The victim received medical treatment for the injury, and he testified he did not have medical insurance to cover expenses. The State presented the medical bill into evidence showing a total amount due of $24,627.95.

[¶12] Consistent with our precedent, the district court received sufficient evidence to determine Piker's criminal conduct resulted in the victim's injuries. *See State v. Pippin,* 496 N.W.2d 50 (N.D. 1993) (requiring a causal connection between the defendant's criminal conduct and the damages for which restitution is ordered). On this record, the court acted within the limits set by statute and did not err in awarding restitution.

III

[¶13] We affirm the amended criminal judgment.

3

[¶14] Jon J. Jensen, C.J.

Gerald W. VandeWalle

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte