**Corrected Opinion Filed 08/29/22 by Clerk of the Supreme Court**

IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2022 ND 134

State of North Dakota,                                        Plaintiff and Appellee

v.

Aisha L. Piker,                                               Defendant and Appellant

No. 20210344

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Joshua A. Amundson, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Justin J. Vinje, Bismarck, ND, for defendant and appellant.

manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* Questions of law are reviewed de novo. *Id.*

[¶6]   Piker argues the district court erred in finding self-defense does not apply to restitution determinations. She asserts the application of self-defense under N.D.C.C. § 12.1-05-03 justifies her actions and renders them "non-criminal" for purposes of the restitution statute.

[¶7]   Art. I, § 25(1)(n), N.D. Const., provides victims the right to "full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct."In ordering restitution, district courts "shall take into account the reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action." N.D.C.C. § 12.1-32-08(1).

[¶8]   Section 12.1-05-03, N.D.C.C., justifies use of force upon another person to defend against "danger of imminent unlawful bodily injury, sexual assault, or detention by such other person[.]" Self-defense applies to conduct, effectively making harmful conduct noncriminal. *State v. Schumaier*, 1999 ND 239, ¶¶ 12-13, 603 N.W.2d 882.

[¶9]   Self-defense is a "defense" as opposed to an "affirmative defense." *State v. Thiel*, 411 N.W.2d 66, 67 (N.D. 1987). "A 'defense' is raised when there is evidence in the case sufficient to raise a reasonable doubt on the issue." *Id.* (citing N.D.C.C. § 12.1-01-03(2)(b)). Under N.D.C.C. § 12.1-01-03(1), a person cannot be convicted of a crime "unless each element of the offense is proved beyond a reasonable doubt."

> "'Element of an offense' means:
>
> > a. The forbidden conduct;
> >
> > b. The attendant circumstances specified in the definition and grading of the offense;

manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* Questions of law are reviewed de novo. *Id.*

[¶6] Piker argues the district court erred in finding self-defense does not apply to restitution determinations. She asserts the application of self-defense under N.D.C.C. § 12.1-05-03 justifies her actions and renders them "non-criminal" for purposes of the restitution statute.

[¶7] Art. I, § 25(1)(n), N.D. Const., provides victims the right to "full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct." In ordering restitution, district courts "shall take into account the reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action." N.D.C.C. § 12.1-32-08(1).

[¶8] Section 12.1-05-03, N.D.C.C., justifies use of force upon another person to defend against "danger of imminent unlawful bodily injury, sexual assault, or detention by such other person[.]" Self-defense applies to conduct, effectively making harmful conduct noncriminal. *State v. Schumaier*, 1999 ND 239, ¶¶ 12-13, 603 N.W.2d 882.

[¶9] Self-defense is a "defense" as opposed to an "affirmative defense." *State v. Thiel*, 411 N.W.2d 66, 67 (N.D. 1987). "A 'defense' is raised when there is evidence in the case sufficient to raise a reasonable doubt on the issue." *Id.* (citing N.D.C.C. § 12.1-01-03(2)(b)). Under N.D.C.C. § 12.1-01-03(1), a person cannot be convicted of a crime "unless each element of the offense is proved beyond a reasonable doubt."

> "'Element of an offense' means:
>
> > a. The forbidden conduct;
> >
> > b. The attendant circumstances specified in the definition and grading of the offense;

c. The required culpability;

d. Any required result; and

e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue."

N.D.C.C. § 12.1-01-03(1). Thus, self-defense operates as a bar to conviction rather than to reduce or eliminate restitution.

[¶10] Here, Piker pleaded guilty to disorderly conduct and provided a factual basis admitting to engaging in "tumultuous behavior that created a seriously alarming condition that served no legitimate purpose." By her plea, Piker admitted her conduct was criminal. She had the opportunity to present evidence on self-defense and to attempt creating reasonable doubt she committed a crime. Instead, she pleaded guilty to the crime and waived all defenses. *State v. Magnuson*, 1997 ND 228, ¶ 10, 571 N.W.2d 642.

[¶11] At the restitution hearing, the victim testified Piker stabbed him in the hand with a knife. Piker also testified to stabbing the victim in the hand. The victim received medical treatment for the injury, and he testified he did not have medical insurance to cover expenses. The State presented the medical bill into evidence showing a total amount due of $24,627.95.

[¶12] Consistent with our precedent, the district court received sufficient evidence to determine Piker's criminal conduct resulted in the victim's injuries. *See State v. Pippin,* 496 N.W.2d 50 (N.D. 1993) (requiring a causal connection between the defendant's criminal conduct and the damages for which restitution is ordered). On this record, the court acted within the limits set by statute and did not err in awarding restitution.

III

[¶13] We affirm the amended criminal judgment.

3

[¶14] Jon J. Jensen, C.J.

Gerald W. VandeWalle

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

4