**STATE of North Dakota, Plaintiff and Appellee,**

v.

**John FLAMM, Defendant and Appellant.**

**Crim. No. 968.**

Supreme Court of North Dakota.

June 28, 1984.

Kent A. Reierson, State's Atty., Williston, for plaintiff and appellee.

Anseth & Zander, Williston, for defendant and appellant; argued by Janet Holter Zander, Williston.

PEDERSON, Justice.

John Michael Flamm appeals from the judgment of conviction entered on a jury verdict finding him guilty of the crime of criminal facilitation. We reverse and remand for a new trial.

John was charged with criminal facilitation for his alleged participation in a series of negotiations which ultimately resulted in the sale of controlled substances by Donald Flamm, Jr., and Cornelius Riedl to a special agent of the North Dakota Drug Enforcement Unit.[1] Donald, John's brother, was subpoenaed and called as a witness for the State. During his examination of Donald, the State's Attorney introduced a letter

---

1. Cornelius Riedl and Donald Flamm, Jr., were charged and convicted for their participation in the drug sales. We affirmed Donald's conviction in *State v. Flamm*, 338 N.W.2d 826 (N.D. 1983).

Donald had received from Dennis Keeney relating a conversation which had purportedly occurred between Keeney and John.[2] The letter stated in pertinent part:

"Don

"You don't know it yet but your [sic] going to be supenad [sic] into court. John just told me that the State needs you for a wittness [sic] on those phone calls with Wyley. John said you might have to prejury [sic] yourself in order to get him off...."

The letter was admitted into evidence over John's objection.

■ John asserts on appeal that the letter constituted inadmissible hearsay, that its introduction prejudiced his right to a fair trial, and that the introduction of the letter without calling Keeney to testify violated his right to confront the witnesses against him. Because we deem the Confrontation Clause issue to be dispositive, it is unnecessary to address John's other issues.

The Confrontation Clause of the Sixth Amendment provides:

"In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him; ..."

The Confrontation Clause has been made applicable to the States through the Fourteenth Amendment. *Ohio v. Roberts*, 448 U.S. 56, 62, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597, 605 (1980); *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974); *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 926 (1965).

In *Ohio v. Roberts, supra,* the Supreme Court delineated the protections afforded by the Confrontation Clause:

"The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where

prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant....

"The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.' *Snyder v. Massachusetts*, 291 U.S. [97], at 107 [54 S.Ct. 330 at 333, 78 L.Ed. 674]." *Ohio v. Roberts, supra,* 448 U.S. at 65, 100 S.Ct. at 2538–2539, 65 L.Ed.2d at 607 (citations omitted).

Thus, the Court has adopted a two-part inquiry for determining admissibility of out-of-court statements by a person not produced as a witness at trial: the State must demonstrate that the declarant is unavailable to testify and the statement must bear "indicia of reliability" establishing its trustworthiness. *Ohio v. Roberts, supra,* 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608.

The Court has set forth the following standard for Sixth Amendment unavailability: A witness is not unavailable for purposes of the exception to the confrontation requirement unless the State has made a good-faith effort to obtain his presence at trial. *Ohio v. Roberts, supra,* 448 U.S. at 74, 100 S.Ct. at 2543, 65 L.Ed.2d at 613; *Barber v. Page*, 390 U.S. 719, 724–725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255, 260 (1968); *see State v. Erickson*, 241 N.W.2d 854, 862–863 (N.D.1976). For a general discussion of Sixth Amendment unavailability, see Note, *The Unavailability Requirements of Rule 804(a) of the Federal Rules of Evidence*, 56 N.D.L.Rev. 387, 412–417 (1980).

2. Keeney and Donald met while they were both inmates at the State Penitentiary. Keeney was subsequently incarcerated in the Williams County jail, where he met John. Keeney then sent the letter to Donald at the State Penitentiary.

**110**

In this case, the State made absolutely no attempt to produce Dennis Keeney to testify at trial. At oral argument, the State's Attorney candidly admitted that he could have "easily" called Keeney to testify, because at the time of John's trial Keeney was still being held in the Williams County jail. Therefore, this case falls directly within the ambit of the Court's holding in *Barber v. Page, supra,* 390 U.S. at 724–725, 88 S.Ct. at 1322, 20 L.Ed.2d at 260:

> "In short, a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly."

We hold that John's Sixth Amendment rights were clearly violated by the failure to afford him the opportunity to cross-examine Keeney regarding the letter. *See State v. Garvey,* 283 N.W.2d 153, 155–157 (N.D.1979).

 The State asserts that, even if the letter was inadmissible, its admission was harmless error under Rule 52(a), NDRCrimP. In construing Rule 52(a), we have adopted the test enunciated in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), to determine whether federal constitutional errors are harmless. Under the *Chapman* test, federal constitutional errors do not automatically require reversal if it is shown that they were harmless, but "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *State v. Schneider,* 270 N.W.2d 787, 792 (N.D.1978); *State v. Carmody,* 253 N.W.2d 415, 418 (N.D.1977); *State v. Hilling,* 219 N.W.2d 164, 172 (N.D.1974); *see* Rule 52(a) NDRCrimP, Explanatory Note. The State has the heavy burden of establishing beyond a reasonable doubt

that the error did not contribute to the verdict. *Schneider, supra,* 270 N.W.2d at 792; *Carmody, supra,* 253 N.W.2d at 418.

 The State contends that admission of the letter in this case was harmless because it does not provide direct evidence against John, but was merely used to impeach Donald's testimony. Although the letter does not contain specific evidence establishing commission of the crime by John, the statement attributed to John that Donald might have to perjure himself to "get him off" carries an inference that John is admitting commission of the offense. We have reviewed the entire record and are unable to say that the erroneous admission of the letter was harmless beyond a reasonable doubt.

We reverse the conviction and remand for a new trial.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.