# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-1843

———————

United States of America,      *
                                    *

    Plaintiff - Appellee,    *
                                    * Appeal from the United States

    v.                        * District Court for the
                                    * Eastern District of Missouri.

Reginald Johnson,        *
                                    *

    Defendant - Appellant.   *

———————

Submitted:  December 9, 1996

Filed:   March 14, 1997

———————

Before FAGG and LOKEN, Circuit Judges, and KYLE,[*] District Judge.

———————

LOKEN, Circuit Judge.

A jury convicted Reginald Johnson of conspiring to distribute crack cocaine and using and carrying a firearm during that drug offense.  See 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c).  On appeal, Johnson argues that the district court's[1] instructions on the § 924(c) count were inconsistent with <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), and that the court erred in admitting the prior testimony of an unavailable police officer.  We affirm.

———————

    The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

    [1]The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri.

In the fall of 1993, undercover police officers arranged to purchase crack cocaine from Richard Yancey and Michael Freeman at an apartment complex in Valley Park, Missouri. Prior to the purchase, they observed Yancey travelling repeatedly between apartment 157 F, where the purchase would occur, and apartment 149 J in the same complex. After arresting Yancey and Freeman in apartment 157 F, the officers knocked on the door of 149 J. Yancey's fourteen-year-old daughter answered and went to get her mother, leaving the door open. From the doorway, the officers could see Johnson seated at the kitchen table. When he moved a hand towards his left front pants pocket, the officers told him to stop, approached, and during a pat-down search found a loaded .22 caliber revolver. Johnson was arrested, and a consensual search of the kitchen area produced a digital scale with powder residue, a pager, and notes recording the prices and quantities for the aborted drug sale in apartment 157 F. During a consensual search of Johnson's car, a drug sniffing dog alerted to the back seat, suggesting drug residue.

Following Johnson's first trial, the jury was unable to reach a verdict. After the second jury found him guilty of both offenses, the Supreme court decided Bailey, and Johnson argued at sentencing that the jury instructions concerning whether he had "used" a firearm were contrary to this new construction of 18 U.S.C. § 924(c). The district court agreed but concluded that the § 924(c) conviction should stand because the jury was instructed to convict only if Johnson used and carried a firearm.

## I.  The § 924(c) Issue.

Section 924(c) is violated if defendant "uses or carries" a firearm during and in relation to a drug trafficking offense. Johnson argues that his conviction must be reversed because the jury was improperly instructed as to "use" of a firearm under Bailey.  But in this case, the indictment charged that Johnson "did knowingly use and carry a firearm," and the jury was instructed that it must find that he "knowingly used and carried a firearm" to convict him of the § 924(c) charge.  The government argues that Johnson's conviction must therefore be affirmed because the jury necessarily found that he "carried" the firearm, and the evidence was sufficient to convict Johnson of a carry violation.[2]  We agree. Th relevant principle was stated in Turner v. United States, 396 U.S. 398, 420 (1970):  "when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged," quoted approvingly in Griffin v. United States, 502 U.S. 46, 56-57 (1991).

"[T]o sustain a conviction for 'carrying' a firearm in violation of § 924(c)(1), the government must prove that [the defendant] bore the firearm on or about his person during and in

---

[2]Under the instruction given, the jury's verdict tells us it found that Johnson *both* used *and* carried the firearm.  That distinguishes this case from United States v. Webster, 84 F.3d 1056, 1066 (8th Cir. 1996), where the instructions permitted the jury to convict if it found that defendant "used or carried the weapon in question."  Likewise, United States v. Caldwell, 97 F.3d 1063, 1069 (8th Cir. 1996), is distinguishable because, in that case, "The jury could have convicted appellant solely because it found that he 'used' the firearms merely by concealing them in the car and having them readily available for use."

relation to a drug trafficking offense." <u>United States v. White</u>, 81 F.3d 80, 83 (8th Cir. 1996).  Here, the government's evidence

was that arresting officers found a gun in Johnson's left front pants pocket during their pat-down search, shortly after Johnson had supplied Richard Yancey the crack cocaine Yancey and Freeman tried to sell in apartment 157 F. This evidence is clearly sufficient to support the jury's finding that Johnson carried the firearm during a drug trafficking offense. "[A] firearm can be carried without being used . . . [as] when an offender keeps a gun hidden in his clothing throughout a drug transaction." Bailey, 116 S. Ct. at 507.

## II. The Missing Witness Issue.

One week prior to the second trial, the government advised that Robert Kinney, the K-9 police officer who conducted the search of Johnson's car, was on vacation somewhere in Florida. Kinney had not been subpoenaed for the second trial, so the government moved for a continuance. The district court denied a continuance but over Johnson's objection ruled that Kinney was an unavailable witness and admitted his testimony from the first trial under Federal Rules of Evidence 804(a)(5) and 804(b)(1). Johnson challenges this evidentiary ruling on appeal.

Rule 804(a)(5) defines a witness as unavailable if the proponent of the testimony cannot procure the witness's presence "by process or other reasonable means." Rule 804(b)(1) excepts from the hearsay rule former testimony by an unavailable witness who was cross examined at the earlier proceeding. In this case, Johnson concedes that he cross examined Officer Kinney at the first trial but contends that Kinney was not unavailable for the second because "the Government purposefully and conveniently failed to make a good faith effort to find the K-9 officer and subpoena him for trial." We review the admission of former testimony for abuse

of discretion.  See <u>Azalea Fleet, Inc. v. Dreyfus Supply & Mach. Corp.</u>, 782 F.2d 1455, 1461 (8th Cir. 1986).

Like the inquiry under the Sixth Amendment's Confrontation Clause, the availability inquiry under Rule 804(a)(5) turns on whether the proponent of the former testimony acted in good faith and made a reasonable effort to bring the declarant into court. <u>See</u> <u>Ohio v. Roberts</u>, 448 U.S. 56, 74 (1980); <u>United States v. Flenoid</u>, 949 F.2d 970, 972 (8th Cir. 1991).  The issue is whether the district court abused its discretion in concluding that the government used "reasonable means" to procure Officer Kinney's presence when it failed to subpoena him, learned that he was on vacation in Florida, and moved for a continuance of the trial when he could not be located.  The question of reasonable means cannot be divorced from the significance of the witness to the proceeding at hand, the reliability of the former testimony, and whether there is reason to believe that the opposing party's prior cross exam was inadequate.

Here, Officer Kinney's former testimony was given at a prior criminal trial, the most reliable form of former testimony.  <u>See</u> <u>Mancusi v. Stubbs</u>, 408 U.S. 204, 213-14 & n.3 (1972).  The same trial judge heard Kinney's testimony at the first trial, including Johnson's cross examination, and knew its relative unimportance to the case.  In objecting to this use of former testimony, Johnson failed to note any specific need for additional cross examination. In these circumstances, we conclude that the district court did not abuse its discretion in admitting the former testimony rather than either excluding the testimony or continuing the trial.

**III. A Sentencing Issue.**

Finally, Johnson challenges the constitutionality of the crack cocaine sentencing ratio in U.S.S.G. § 2D1.1.  We have repeatedly rejected similar challenges to this guideline.  See United States v. Carter, 91 F.3d 1196 (8th Cir. 1996); United States v. Smith, 82 F.3d 241, 244 (8th Cir.), cert. denied, 117 S. Ct. 154 (1996).  Only the court en banc may reconsider these decisions.  See United States v. Willis, 967 F.2d 1220, 1225-26 (8th Cir. 1992).

The judgment of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.