Filed 1/27/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 13

State of North Dakota, Plaintiff and Appellee

v.

William Scott Gagnon, III, Defendant and Appellant

Criminal No. 980192

Appeal from the District Court for Ward County, Northwest  Judicial District, the Honorable Gary A. Holum, Judge.

AFFIRMED.

Opinion of the Court by Neumann, Justice.

Mark A. Flagstad, Assistant State's Attorney, Ward County Courthouse, Minot, N.D. 58701, for plaintiff and appellee.

Gary H. Lee of Olson Burns Lee, P.O. Box 1180, Minot, N.D. 58702-1180, for defendant and appellant.

State v. Gagnon

Criminal No. 980192

Neumann, Justice.

[¶1] William Scott Gagnon, III, appeals from a verdict and judgment of conviction for the offense of manslaughter.  We affirm.

I

[¶2] On March 29, 1996, Gagnon and Phillip McIalwain left a Minot bar around 1:00 in the morning.  As Gagnon and McIalwain proceeded across the parking lot, they exchanged words with Kevin and Wayne Gieser.  An altercation developed, resulting in Gagnon fatally stabbing Kevin Gieser in the chest with a knife.  Wayne Gieser was not present when the stabbing occurred.  At some initial point in the altercation, he had chased McIalwain to the north side of the parking lot.

[¶3] Gagnon was charged with class AA murder, tried by a jury, and convicted of class AA murder, receiving a life sentence.  Gagnon appealed to this Court, and we reversed and remanded for a new trial.  
State v. Gagnon
, 1997 ND 153, ¶ 13, 567 N.W.2d 807.  On remand, Gagnon was tried by a jury and convicted of manslaughter.  In this appeal, Gagnon argues the trial court erroneously admitted prior testimony of McIalwain, erroneously excluded evidence of Wayne Gieser's prior assaultive behavior, and gave an erroneous step instruction.  Gagnon also argues the evidence does not support the verdict.

II.  Former Testimony

[¶4] Rule 804, N.D.R.Ev., governs the admission of former testimony of a witness as an exception to the hearsay rule.  Rule 804(a)(5), N.D.R.Ev., defines a witness as unavailable if attendance cannot be procured "by process or other reasonable means."  Rule 804(b)(1), N.D.R.Ev., provides:

(b)  Hearsay Exceptions.  The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1)  Former Testimony.  Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

[¶5] Inquiry regarding availability of a witness under Rule 804, N.D.R.Ev., is similar to inquiry regarding the right to confront a witness under the Sixth Amendment.  
United States v. Johnson
, 108 F.3d 919, 922 (8th Cir. 1997).  The standard for unavailability as an exception to the confrontation requirement is whether the State has made a good-faith effort to obtain the witness's presence at trial.  
State v. Flamm
, 351 N.W.2d 108, 109 (N.D. 1984).  Determining whether the State has made a good-faith effort to locate a witness is within the discretion of the trial court.  
State v. Erickson
, 241 N.W.2d 854, 863 (N.D. 1976).  Former testimony given under oath is recognized as usually very reliable and, therefore, absent a specific challenge, we need not probe the reliability or trustworthiness of the offered statements.  
Johnson
, 108 F.3d at 922.  Furthermore, Gagnon has conceded McIalwain was subject to full cross-examination by Gagnon's counsel in the first trial, eliminating the need to consider that part of Rule 804, N.D.R.Ev., dealing with opportunity and motive to fully develop the prior testimony.

[¶6] In this case, the trial court held a full hearing on whether there had been a good-faith effort to locate McIalwain.  The court found the State had issued a subpoena on March 12, 1998, one month and one day before trial.  The subpoena was returned on April 9, 1998, unexecuted.  The court found the deputies assisting the State had checked the local computer system, checked the city directory, and contacted people living at McIalwain's last known address.  After receiving information that McIalwain was living in Michigan, contact was made with McIalwain's father, who indicated McIalwain was in Michigan with his mother.  The State obtained a postal box address in Michigan and verbally contacted officials in the county where the address was located, producing no leads.  The police also made inquiry regarding McIalwain's mother's driving license, which yielded no further information.  The police also tried to contact McIalwain's sister, obtaining a phone number in Sawyer, North Dakota, that was no longer in service.  Based on those efforts, the trial court found the search for McIalwain to have been reasonable, and allowed his prior testimony to be read to the jury, noting there had been extensive cross-examination by Gagnon's then attorney.  Based on the court's careful consideration of the efforts made to locate McIalwain, we are unable to say the court abused its discretion in allowing the prior testimony of McIalwain to be read to the jury under Rule 804, N.D.R.Ev.

[¶7] Gagnon asserts we should give additional consideration to  the importance of this witness to the prosecution, and the seriousness of the charges against him.  However, Gagnon concedes in his brief and at oral argument that McIalwain was subjected to "vigorous" cross-examination, and has not offered any specific need for additional cross-examination.  
See
,
e.g.
,
Johnson
, 108 F.3d at 922.

III.  Character Evidence

[¶8] Gagnon asserts the trial court improperly excluded Wayne Gieser's prior convictions for assaultive behavior.  Gagnon attempted on cross-examination to introduce evidence of Wayne Gieser's previous misdemeanor assault convictions.  The State objected to the evidence and the trial court ruled it inadmissable under Rule 609, N.D.R.Ev.  Gagnon contends this type of evidence is admissible because he had raised self-defense, and evidence of prior turbulent and assaultive behavior is admissible under Rule 404(a)(2), N.D.R.Ev.

[¶9] We will not overturn a trial court’s exclusion or admission of evidence, unless the court abused its discretion.  
State v. Clark
, 1997 ND 199, ¶ 26, 570 N.W.2d 195.  A trial court abuses its discretion when it acts in an arbitrary or capricious manner or misapplies or misinterprets the law.  
Id.
at ¶ 26.

 A.  N.D.R.Ev. 404

[¶10] Generally, evidence of a person's character or character trait is not admissible for the purpose of proving action in conformity with that character or trait on a particular occasion.  N.D.R.Ev. 404(a).  However, Rule 404(a)(2) does allow evidence of a pertinent character trait of the victim of a crime to be offered by the accused for the purpose of proving the victim acted in conformity with that trait.  
State v. McIntyre
, 488 N.W.2d 612, 615 (N.D. 1992).  Rule 404(a)(2), N.D.R.Ev., provides:

(a)  
Character Evidence Generally
.  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

   *    *    *    *

(2)
Character of Victim
.  Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

Rule 404(a)(2) has been interpreted as allowing a defendant charged with assault or homicide, who has raised self-defense, to introduce evidence of the victim's violent or aggressive character.  
McIntyre
, 488 N.W.2d at 615.

[¶11] In this case, Gagnon has raised self-defense as an explanation of his actions.  On cross-examination, under Rule 404(a)(2), N.D.R.Ev., Gagnon sought to introduce evidence of Wayne Gieser's prior misdemeanor assault convictions.  This evidence cannot be properly admitted under Rule 404(a)(2), N.D.R.Ev., for two reasons.
(footnote: 0)
[¶12] First, and perhaps most obvious, is the fact that Wayne Gieser is not the victim, in any legal sense, in this case.  His brother, Kevin Gieser, is the individual who was fatally stabbed by Gagnon.  Wayne Gieser was no longer even part of the altercation by the time Kevin Gieser was stabbed; he had left the immediate area in pursuit of McIalwain.  Nor was Gagnon charged for any crime which could relate directly to Wayne Gieser.  For this reason, Wayne Gieser is only a witness, not a victim, and character evidence may be used only to impeach or support his testimony under the relevant rules of evidence, and not for the purpose of showing his behavior or action on the occasion in question.  2 Joseph M. McLaughlin,
Weinstein's Federal Evidence
&S& 404.11[4] (2nd ed. 1998); 1 Christopher B. Mueller & Laird C. Kirkpatrick,
Federal Evidence
&S& 104 (2nd ed. 1994).

[¶13] Second, even if Wayne Gieser were to be considered a victim, the specific instances of conduct sought to be offered as character evidence still would not have been admissible.  Once character evidence is admissible under Rule 404(a)(2), N.D.R.Ev., to show a victim's action in conformity with that character, Rule 405, N.D.R.Ev., governs how character may be proved.  2 Joseph M. McLaughlin,
Weinstein's Federal Evidence
&S& 404.12[1] (2nd ed. 1998).

 Rule 405, N.D.R.Ev., provides:

(a)  Reputation or Opinion.  In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.  On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b)  Specific Instances of Conduct.  In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of the person's conduct.

Specific instances of conduct, while considered the most probative of the types of character evidence, are also the most likely to confuse or create undue prejudice in the minds of the triers of fact.  Explanatory Note, N.D.R.Ev. 405.  For this reason, specific instances of conduct, as character evidence, are restricted to when character is in direct issue or when used on cross-examination to rebut an assertion by a witness concerning a person's character.  
McIntyre
, 488 N.W.2d at 617;
Allen v. State
, 945 P.2d 1233, 1239-40 (Alaska Ct. App. 1997);
see

also
2 Joseph M. McLaughlin,
Weinstein's Federal Evidence
&S& 404.12 (2nd ed. 1998).

[¶14] In this case, Wayne Gieser did not offer any reputation or opinion testimony on direct examination which would have allowed cross-examination under Rule 405(a), N.D.R.Ev.  We have previously held a claim of self-defense does not put character in issue such that specific instances of conduct are admissible under Rule 405(b), N.D.R.Ev., as an essential element of the charge, claim, or defense.  
Dahlen v. Landis
, 314 N.W.2d 63, 71 (N.D. 1981).

[¶15] Evidence of specific instances of conduct may also be admissible to prove matters other than the victim's actions, depending on whether the accused had personal knowledge of those specific instances before the altercation occurred.  
McIntyre
, 488 N.W.2d at 616.  If the accused has knowledge of the character trait of the victim, including any specific instances of conduct, the evidence then can be offered not to show the victim's actions in conformity with the character trait, but rather to justify the defendant's actions, to show the defendant's state of mind.  
Id.
at 616;
see

also

Allen
, 945 P.2d at 1241-42 (quoting J.H. Wigmore,
Evidence in Trials at Common Law
&S& 248 (Chadbourne rev'n 1979)).  Rule 404(a)(2), N.D.R.Ev., would not apply.  However, if the accused did not have knowledge of the character trait, then evidence of specific instances of conduct cannot bear on the accused's state of mind for purposes of showing self-defense and would be inadmissible under Rule 405, N.D.R.Ev.  
Allen
, 945 P.2d at 1243.

[¶16] Because the trial court properly found Rule 404, N.D.R.Ev., did not apply, the court did not abuse its discretion in excluding the evidence under the rule.

   B.  N.D.R.Ev. 609

[¶17] Impeachment of a witness using prior convictions is governed by Rule 609, N.D.R.Ev.  
State v. Gefroh
, 495 N.W.2d 651, 656 (N.D. 1993).  Rule 609 provides:

(a)  General Rule.  For the purpose of attacking the credibility of a witness, (i) evidence that a witness other than an accused has been convicted of a crime must be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

Under Rule 609, N.D.R.Ev., the prior conviction must involve punishment in excess of one year.  Here, Wayne Gieser's prior convictions were for misdemeanors, and by law, limited to under one-year punishment.  N.D.C.C. &S& 12.1-32-01.  Therefore, under Rule 609, N.D.R.Ev., the prior misdemeanor convictions, absent any proof the crime involved dishonesty or false statements, are not admissible to impeach the witness.

[¶18] The trial court did not abuse its discretion when it properly excluded the evidence of Wayne Gieser’s prior misdemeanor convictions for assaultive behavior under Rule 609, N.D.R.Ev.

IV.  Step Instruction

[¶19] Gagnon argues the “step instruction,” which requires the jury vote to acquit the defendant on the more serious charge before a lesser included charge is considered, is unduly coercive and improperly invades the province of the jury.  Gagnon suggests an instruction given in Michigan in
People v. Mays
, allowing the jury to consider all of the offenses instructed on before voting to acquit on the charged offense would be a better alternative.  
People v. Mays
, 288 N.W.2d 207, 208 n.1 (Mich. 1980).

[¶20] We have previously addressed the use of the acquittal-

first instruction in
State v. Daulton
, 518 N.W.2d 719 (N.D. 1994).  In
Daulton
, we approved of the policy and reasoning behind the acquittal-first instruction.  Therefore, the trial court did not err when it gave the “step instruction” to the jury under our decision in
Daulton
.

V.  Insufficiency of the Evidence

[¶21] Gagnon argues the evidence, even when viewed in a light most favorable to the verdict, does not show he did not act in self-defense.  For this reason, Gagnon asks this Court to reverse the conviction.

[¶22] Gagnon moved for a judgment of acquittal under Rule 29(a), N.D.R.Crim.P., at the close of the State's case-in-chief.
(footnote: 0)  The trial court denied the motion.

[¶23] To successfully challenge the sufficiency of the evidence on appeal, a defendant must show there is no reasonable inference of guilt when viewing the evidence in the light most favorable to the verdict.  
State v. Steinbach
, 1998 ND 18, ¶ 16, 575 N.W.2d 193.  By presenting evidence after the denial of the motion, the defendant permits this Court to review on appeal the entire record to determine whether sufficient evidence exists to sustain the verdict.  
Id.
at ¶ 17.  In deciding whether there is sufficient evidence, we do not resolve conflicts in the evidence nor do we weigh the credibility of the witnesses.  
Id.
at ¶ 17.  We determine only whether there is competent evidence which could have allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.  
Id.
at ¶ 17.  We conclude there is substantial evidence in the record to support Gagnon’s conviction.

[¶24] The judgment of conviction for manslaughter is affirmed.

[¶25] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

FOOTNOTES
0:1
The trial court ruled N.D.R.Ev. 404(b) did not apply.  This issue was not raised on appeal. On appeal, Gagnon only argued the evidence was necessary based on his claimed defense, and not that the evidence was offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, under Rule 404(b), N.D.R.Ev.

0:2
In the transcript, Gagnon moved for dismissal of the charge of murder.  It is apparent, regardless of what the motion was called, the trial court, the State, and Gagnon treated it as a motion for judgment of acquittal.