ORDER
The petition for rehearing by the panel, filed by Appellant James Allen Gregg, is granted. The petition for en banc rehearing is denied as moot.
The mandate is recalled. The opinion and judgment of 3/16/12 [674 F.3d 829] are vacated.
ON REHEARING
SMITH, Circuit Judge.
In January 2005, a jury convicted James Allen Gregg of second degree murder, in violation of 18 U.S.C. §§ 1152 and 1111, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On appeal, Gregg argues that the district court[1] erred in denying his habeas petition for a new trial due to ineffective assistance of counsel. Gregg argues that his trial counsel’s failure to offer specific instances of the victim’s violent character to show Gregg’s state of mind prejudiced his defense. We affirm.
I. Background
On July 3, 2004, Gregg, an army veteran, visited friends on an Indian reservation. While at a party, Gregg argued with James Fallís and Francis Red Tomahawk about damage he had allegedly caused to Fallis’s vehicle. The two confronted Gregg about the damage, and the dispute escalated. Gregg offered to pay for the vehicle’s repair and stated that he did not intentionally damage the vehicle. Still, Red Tomahawk unexpectedly punched Gregg in the face. After receiving the blow, Gregg fell to the ground. Red Tomahawk then kicked Gregg in the head. As Gregg attempted to stand, Fallís punched him in the face. At that point Gregg lost consciousness. The beating broke bones in Gregg’s face and nearly closed one of his eyes. After regaining consciousness, Gregg became visibly upset and started crying. Gregg was unsure who had just assaulted him. Gregg then went to his truck and grabbed his rifle, but his friend, Jacob Big Eagle, persuaded him to put the rifle away. At this point, Gregg accused Big Eagle of not standing up for *943 him. Big Eagle responded, “[If] I didn’t stand up for you then, I will now.” Big Eagle entered his vehicle and drove away.
According to Gregg, he believed that Big Eagle left to confront Fallís or Red Tomahawk. Gregg decided to find Big Eagle to prevent another altercation. Less than an hour after the dispute with Fallís, while searching for Big Eagle, Gregg saw Fallis’s car outside a mobile home. Gregg pulled into a driveway. He believed that he should apologize to Fallís to prevent discord between their families. As Gregg pulled into the driveway, Fallís exited the mobile home, ripping off his jacket as he walked towards Gregg’s vehicle. While walking, Fallís shouted, “You come back for some more of this [expletive]? You want to fight?” Fallís then attempted to open Gregg’s car door, but Gregg pulled the door shut. Fearing further injury, Gregg grabbed a handgun, pointed it at Fallís, and warned him to back away. In response, Fallís yelled, “You want to f— with guns?” Fallís then turned and moved towards the trunk of his own vehicle. Gregg then fired nine shots at Fallís — five hitting him in the back — killing him.
At trial, Gregg acknowledged killing Fallís, but argued that he did so in self defense. Gregg’s trial counsel incorrectly believed that he could not introduce into evidence specific acts of violent conduct that Fallís committed to support Gregg’s state of mind. Under Federal Rule of Evidence 404(b), such evidence could not have been introduced to prove Fallís was the aggressor, but could have been used to show Gregg’s state of mind. The only evidence Gregg proffered regarding his knowledge of Fallis’s violent nature was Gregg’s opinion that Fallís was “tough.” After a four-day trial, the jury convicted Gregg of second degree murder.[2]
On direct appeal, Gregg raised several grounds challenging his conviction and sentence. See United States v. Gregg, 451 F.3d 930 (8th Cir.2006). Most pertinent to this appeal, Gregg argued that the district court erred by not permitting him to elicit testimony regarding Fallis’s specific violent acts for the purpose of showing Gregg’s state of mind at the time he shot Fallís. Id. at 933. We affirmed. In order to introduce evidence of specific instances of a victim’s prior violent conduct for purposes of proving a defendant’s state of mind, the defendant must establish that he knew of such prior violent conduct at the time of the conduct of the underlying offense. Id. at 935. Gregg made an offer of proof to the district court after the court excluded Gregg’s testimony of his state of mind. Gregg’s counsel represented that Gregg would have “testified that he believed that James Fallís was tougher than he was, that he’s not a person that he would want to have a fight with, that in his experience James Fallís could have beaten him up, and that he would not have wanted to have an ongoing feud with James Fallís.” Gregg’s trial counsel, however, did not produce evidence of specific instances of Fallis’s violent conduct under 404(b) to show Gregg’s state of mind. Id. The district court refused the offer of proof. On review, we declined to find an abuse of discretion by the district court.
Based on his trial counsel’s performance, Gregg filed this 28 U.S.C. § 2255 motion arguing ineffective assistance of counsel. Under Strickland v. Washington, a defendant alleging ineffective assistance of counsel must show two things:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed *944 the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
At Gregg’s § 2255 motion hearing, the magistrate judge found that Gregg’s trial counsel was ineffective under Strickland’s first prong. Addressing Strickland’s second prong — prejudice—the magistrate judge found compelling two specific instances of Fallis’s conduct that Gregg would have sought to admit: (1) a widely known incident that occurred in 1999 where Fallís threatened to assault an officer on a boat dock with a tire iron, which led another officer to draw his weapon to control Fallís (the “boat dock incident”); and (2) an incident that allegedly occurred between 2008 and 2005 during which Fallís was thrown out of a bar for fighting, but in attempting to continue the fight outside bar, he climbed on a car to prevent the other party from leaving (the “bar incident”). Gregg v. United States, No. Cr. 04-80068, No. Civ. 07-3030, 2009 WL 6700480, at *17-19 (D.S.D. Aug. 14, 2009). Gregg’s father told Gregg about both of these incidents, and he believed them to be true. Id. Upon hearing this testimony, and focusing on the importance of the defendant’s state of mind in a self-defense case, the magistrate judge found that the testimony would have created a reasonable doubt in Gregg’s conviction. Id. at *21-22. Thus, the magistrate judge recommended that the district court grant Gregg a new trial. Id. at *22.
Rejecting the magistrate judge’s recommendation, the district court[3] found that Gregg’s counsel’s deficiency did not prejudice Gregg under Strickland. United States v. Gregg, No. Cr. 04-30068, No. Civ. 07-3030, 2010 WL 3003235, at *4 (D.S.D. July 30, 2010). In reaching this conclusion, the district court found that the evidence would not have changed the outcome of Gregg’s trial and that the court would have excluded the evidence under Rule 403. Id.
II. Discussion
Gregg argues that the district court erred in finding that his trial counsel’s actions did not prejudice him. Because neither party challenges the district court’s finding that Gregg satisfies Strickland’s first prong — whether counsel’s representation was deficient — we assume without deciding that Gregg has satisfied this prong. In reviewing a denial of a § 2255 motion, “[w]e review the district court’s legal conclusions de novo and its factual findings for clear error.” Loefer v. United States, 604 F.3d 1028, 1029 (8th Cir.2010).
To satisfy Strickland’s second prong, a defendant must “affirmatively prove prejudice.” Strickland, 466 U.S. at 693, 104 S.Ct. 2052. “[T]he defendant must show that [his or her counsel’s error] actually had an adverse effect on the defense.” Id. “It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding,” but rather, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 693-94, *945 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052. In addition, in cases where the alleged prejudice arose from a failure to introduce evidence, we must also apply Rule 40B to determine if the evidence would have likely been admitted. See Gregg, 451 F.3d at 935 n. 6 (“Had the district court determined the evidence was proper under Rule 405, it may well have determined the evidence should have been excluded under Rule 403.”); see also United States v. Chase, 451 F.3d 474, 479-480 (8th Cir.2006) (affirming a district court’s exclusion of Rule 404 state of mind evidence under Rule 403).
The Rule 404(b) evidence that Gregg seeks to have admitted in a new trial does not establish “a reasonable probability that ... the result of the proceeding would have been different.” Strickland, 466 U.S. at 693-94, 104 S.Ct. 2052. At trial, in relation to Gregg’s state of mind, Gregg testified only to Fallis’s toughness. Although both of the incidents that Gregg seeks to admit show that Fallis acted aggressively and potentially violently on two occasions, only the boat dock incident involves the threat of serious bodily injury. But even in that incident, Fallis did not actually injure any person. At most, the incidents Gregg seeks to admit show that Fallis could be belligerent and aggressive. But Gregg introduced evidence to that effect at trial. Specifically, the trial court allowed the jury to review evidence of Fallis’s violent and aggressive nature through two witnesses who testified about his reputation. Additional evidence making that same point would have been cumulative. Moreover, the jury heard in great detail how Fallis severely battered Gregg an hour before Gregg shot him. In addition, the jury heard that Fallis may have intended to assault Gregg again immediately before Gregg shot him. The jury knew Fallis exited the mobile home, ripped off his jacket and yelled, “You come back for some more of this [expletive]? You want to fight?” Fallis then attempted to open Gregg’s car door. Given the record and the facts weighing against Gregg’s self-defense claim,[4] we are not persuaded that there exists a reasonable probability that the result of the proceeding would have been different.
Even assuming that Fallis’s two violent acts could cast doubt on the jury’s verdict, the trial court likely would have excluded the evidence under Rule 403.[5] Rule 403 imposes a balancing test, permitting a trial judge to exclude relevant evidence “if its probative value is substantially outweighed by a danger of ... unfair prejudice.” Fed.R.Evid. 403.
*946 United States v. Milk, 447 F.3d 593 (8th Cir.2006) illustrates this point. In that case, a defendant accused of murder on an Indian reservation sought to introduce specific instances of the victim’s violent conduct. Id. at 597. Excluding the evidence, the trial court found that the prejudicial effect outweighed the probative value of the evidence. Id. In reaching this conclusion, “the court reasoned that [the specific instance at issue] happened roughly five years before the [instant crime], and that in the meantime, [the defendant and the victim] remained close friends, which suggested [the defendant] was not scared of [the victim].” Id. Upholding the trial court’s exclusion of the evidence, we stated that “the district court ‘has wide discretion in determining the admissibility of evidence.’ ” Id. at 600 (quoting United States v. Waloke, 962 F.2d 824, 830 (8th Cir.1992)). We noted that the court acted within its discretion by admitting reputation evidence and specific acts of violence by the defendant that occurred that day. Id. at 600-01.
Here, a district court would have likely reached a similar conclusion by excluding the specific instances of violence, aside from the violence that occurred that day, but allowing evidence of the victim’s violent reputation. Like the excluded incident in Milk, the boat dock incident occurred five years prior to Gregg’s encounter with Fallís. Thus it was remote in time to the dispute between Gregg and Fallís. Similarly, the bar incident, while closer in time, is prejudicial because Gregg could not provide enough details about the incident for the court to determine whether it was similar in kind. The incident shows that Gregg believed that Fallís was highly aggressive and allegedly willing to go so far as to jump on top of a car to prevent his opponent from leaving. However, there are no facts showing that Fallis’s opponent was not able to leave and avoid further conflict despite Fallis’s antics. A court likely would exclude this evidence to prevent mini-trials of the victim’s character and to prevent juror confusion. See Milk, 447 F.3d at 600; Waloke, 962 F.2d at 830.
Because we find that the 404(b) evidence that Gregg’s trial counsel failed to admit did not prejudice Gregg under Stnckland, the district court did not err in denying Gregg’s motion for a new trial.
III. Conclusion
Accordingly, we affirm the judgment of the district court.

. The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

. The government had sought a first degree murder conviction.

. The same judge that presided over Gregg’s trial.

. Several facts militated against the jury finding Gregg acted in self-defense. First, Gregg stopped when he saw Fallis’s car although he was searching for his friend Big Eagle to avoid further conflict with Fallis. Second, Gregg indicated that he was unsure that Fallis ever hit him. Third, Gregg acknowledged that he was able to pull his car door shut against Fallis, but instead of locking it, he drew his firearm. Fourth, Gregg did not leave after he pulled his car door shut. Finally, Gregg fired nine shots at the unarmed Fallis while he had his back turned to Gregg. The jury could have believed that he intended to kill Fallis rather than just prevent him from getting a gun.

. In making this determination we are required to predict what a trial court would have done if Gregg’s counsel had attempted to admit the 404(b) evidence. The dissent correctly notes that the district court improperly considered its own propensities in determining whether a trial court presented with the 404(b) evidence would have admitted the evidence. But as seen in United States v. Milk, 447 F.3d 593, 601 (8th Cir.2006), we disagree with the dissent that "a reasonable, conscientious[,] and impartial decisionmaker” would not have excluded the two specific instances of Fallis’s violent conduct as unduly prejudicial.