Filed 7/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 147

State of North Dakota, Plaintiff and Appellee

v.

Rodney Ray Chisholm, Defendant and Appellant

No. 20110228

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lawrence E. Jahnke, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

M. Jason McCarthy (argued), Assistant State’s Attorney, P.O. Box 5607, Grand Forks, N.D. 58206-5607, for plaintiff and appellee.

Rodney Chisholm, self-represented, P.O. Box 5521, Bismarck, N.D. 58506-

5521, defendant and appellant; submitted on brief.

State v. Chisholm

No. 20110228

VandeWalle, Chief Justice.

[¶1] Rodney Chisholm appealed from a criminal judgment entered upon a jury verdict finding him guilty of murder in the death of his brother, Donald Chisholm.  We affirm the judgment, concluding the district court did not abuse its discretion when it refused to admit evidence that the victim had, several years earlier, brandished a firearm in disputes with another Chisholm brother.

I

[¶2] On July 2, 2010, Ken Chisholm reported that his brother, Donald Chisholm, was missing.  Suspicion focused upon Rodney Chisholm, and he was located in Nebraska where he was being held by law enforcement.  After being interviewed by North Dakota law enforcement officers in Nebraska, Rodney Chisholm agreed to voluntarily return to North Dakota.  

[¶3] Rodney Chisholm eventually admitted that he had killed Donald Chisholm on June 24, 2010, during a fight over a tract of farmland owned by their mother, and he led law enforcement officers to the place where he had buried Donald Chisholm’s body.  At trial, Rodney Chisholm testified that Donald Chisholm confronted him while he was sorting scrap iron.  He claims Donald Chisholm became aggressive and hit him several times with a piece of iron.  The two then wrestled on the ground for some time, and eventually Rodney Chisholm was able to subdue Donald Chisholm and restrain his hands by attaching them to the belt loops on his pants using plastic “zip ties.”

[¶4] Rodney Chisholm claims that Donald Chisholm got his left hand free by pulling until his belt loop detached.  Rodney Chisholm contends Donald Chisholm then began moving toward his pickup, shouting multiple times that he was going to get his pistol and kill Rodney Chisholm. Rodney Chisholm admits that he then struck Donald Chisholm in the head, chest, and arms with a large iron pipe.  After Donald Chisholm collapsed to the ground, Rodney Chisholm placed a large hose clamp around Donald Chisholm’s neck and tightened it with a screwdriver.

[¶5] When Donald Chisholm was dead, Rodney Chisholm drove Donald Chisholm’s pickup back to Donald Chisholm’s shop, left it there, and walked eight miles to his own home.  He then drove a four-wheeler back to the area where he had left Donald Chisholm’s body.  He used a skid-steer loader to bury the body and covered the makeshift grave with branches.

[¶6] At trial, Rodney Chisholm argued that he killed Donald Chisholm in self-

defense.  He introduced voluminous character evidence from multiple witnesses, including family members, indicating that Donald Chisholm was confrontational, aggressive, petty, bitter, condescending, arrogant, and “[m]ad at the world . . . and everybody in it.”  Rodney Chisholm testified extensively about Donald Chisholm’s abusive nature and that he was afraid of him.

[¶7] Rodney Chisholm also attempted to introduce two specific instances of Donald Chisholm’s prior bad conduct which had occurred ten to twenty years earlier.  In an offer of proof, defense counsel indicated that Tom Chisholm, another brother of Rodney Chisholm and Donald Chisholm, would testify that Donald Chisholm had pulled a shotgun and a pistol on him during arguments twenty years earlier.  The district court held that the incidents were “[t]otally unrelated in time” and would not be admitted.  Defense counsel subsequently advised the court that he had learned that one of the gun incidents had occurred ten, not twenty, years earlier.  The district court adhered to its earlier ruling that the incidents were too remote in time and would not be admitted.

[¶8] The jury found Rodney Chisholm guilty of murder, and he was sentenced to serve thirty years imprisonment.

II

[¶9] The sole issue raised on appeal is whether the district court abused its discretion when it refused to admit into evidence testimony of specific instances of the victim’s prior bad acts which had occurred ten to twenty years earlier.  

[¶10] The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion.  
See, e.g.
, 
State v. Thompson
, 2010 ND 10, ¶ 10, 777 N.W.2d 617; 
State v. Procive
, 2009 ND 151, ¶ 8, 771 N.W.2d 259.  A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law.  
Thompson
, at ¶ 10; 
Procive
, at ¶ 8.

[¶11] Admissibility of evidence of the character of the victim of a crime is governed by N.D.R.Ev. 404(a)(2):

(a) Character Evidence Generally.  Evidence of a person’s character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

. . . .

(2) Character of Victim.  Subject to the limitations imposed by Rule 412, evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor . . . .

The allowable methods of proving character are provided in N.D.R.Ev. 405:

(a) Reputation or Opinion.  In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.  On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific Instances of Conduct.  In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of the person’s conduct.

[¶12] Evidence of the violent nature of a victim in a homicide case may be admissible for two distinct purposes when the defendant is claiming self-defense.  First, the evidence may be relevant as general character evidence, admissible to show that the victim had a propensity to engage in violence and may have been the aggressor in the altercation leading to the death.  
See
 N.D.R.Ev. 404(a)(2); 
State v. Olander
, 1998 ND 50, ¶ 31, 575 N.W.2d 658; 
State v. McIntyre
, 488 N.W.2d 612, 615-16 (N.D. 1992).  However, because a claim of self-defense does not put character in issue as an essential element of a charge, claim, or defense, specific instances of conduct, as opposed to general opinion testimony as to reputation, are not admissible to establish the character of the victim or that he acted in conformity therewith.  
State v. Gagnon
, 1999 ND 13, ¶¶ 13-14, 589 N.W.2d 560; 
see also
 N.D.R.Ev. 405.  

[¶13] The second potential use of specific instances of a victim’s prior conduct is to show the defendant’s state of mind.  
See
 
Gagnon
, 1999 ND 13, ¶ 15, 589 N.W.2d 560.  Thus, if the defendant had actual knowledge of specific instances of violent conduct by the victim, evidence of those matters may be relevant to demonstrate that he acted reasonably in defending himself.  
Id.
  

[¶14] The district court in this case concluded that the prior incidents in question, which had happened ten or twenty years earlier, were too remote in time, and the court therefore refused to admit testimony of those incidents.  Although this Court has not previously addressed whether remoteness of the incident is a valid consideration when determining whether to admit specific instances of the victim’s prior conduct in a homicide case in which self-defense is claimed, courts in other states have considered the issue.  The general rule formulated in cases from other jurisdictions is that evidence of specific instances of prior violent conduct by the victim may be admissible to show the defendant’s state of mind if he was aware of the prior conduct, but the trial court may, in its discretion, refuse to admit evidence of prior conduct which is too remote in time.  
See, e.g.
, 
Gregg v. United States
, No. 10-3142, 2012 WL 2122160, at *4 (8th Cir. June 13, 2012); 
United States v. Milk
, 447 F.3d 593, 600-01 (8th Cir. 2006); 
Weaver v. State
, 402 So.2d 1099, 1101 (Ala. Crim. App. 1981); 
People v. Conley
, 713 N.E.2d 131, 137 (Ill. App. Ct. 1999); 
Commonwealth v. Fontes
, 488 N.E.2d 760, 762-63 (Mass. 1986); 
State v. Rutter
, 93 S.W.3d 714, 731 (Mo. 2002); 
State v. Ryan
, 229 S.W.3d 281, 285 (Mo. Ct. App. 2007); 
People v. Miller
, 349 N.E.2d 841, 847 (N.Y. 1976); 
Commonwealth v. Stewart
, 647 A.2d 597, 598-99 (Pa. Super. Ct. 1994); 
State v. Hallenbeck
, 878 A.2d 992, 1015 (R.I. 2005); 
State v. Steele
, 359 S.E.2d 558, 565-66 (W. Va. 1987); 
see generally
 40A Am. Jur. 2d 
Homicide
 § 288 (2008) (the trial court may refuse to admit such evidence on the grounds of remoteness).  As noted by the court in 
Commonwealth v. Kartell
, 790 N.E.2d 739, 743 (Mass. App. Ct. 2003), “evidence of the defendant’s knowledge of a victim’s prior violent acts in cases where self-defense is a contested issue . . . is limited to acts that are not too remote, lest the trial turn into a distracting and prejudicial investigation of the victim’s character.”  

[¶15] At some point, a victim’s prior acts become so remote in time to the current incident that evidence of the earlier conduct simply has no probative value to show that the victim acted in conformity therewith or to demonstrate the reasonableness of the defendant’s belief he was in danger.  
See
 40A Am. Jur. 2d 
Homicide
, § 260 (2008) (“Evidence which appears relevant may relate to a time so remote from the time of the crime that the evidence has no probative value and is, therefore, inadmissible.”); 
cf.
 N.D.R.Ev. 609(b) (use of a prior conviction to impeach a witness is limited to a period of ten years after the date of conviction or the date of release from confinement imposed for the conviction).  Evidence that the victim acted in a violent manner on an occasion occurring many years ago does not necessarily indicate that he acted in a similar manner during the current altercation, or that the defendant reasonably believed he was in danger because of the alleged incident from the victim’s distant past.  In such cases we leave it to the district court, in the exercise of its broad discretion in evidentiary matters, to determine whether specific instances of the victim’s prior conduct are too remote in time.  

[¶16] The offer of proof in this case indicated that the prior incidents when Donald Chisholm allegedly brandished firearms occurred between ten and twenty years before the incident involved in this case.  The district court held that the prior incidents were “[t]otally unrelated in time.”  Under the facts in this case, we conclude that the district court did not act in an arbitrary, capricious, or unreasonable manner and did not misinterpret or misapply the law.  The court therefore did not abuse its discretion when it refused to admit evidence of the prior incidents.

III

[¶17] The judgment of conviction is affirmed.

[¶18] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom